368 P.2d 70

**MAKOFF COMPANY, a corporation, and Phoenix Assurance Company, a corporation, Plaintiffs,**

v.

**The INDUSTRIAL COMMISSION of Utah and Richard D. Howells, Defendants.**

No. 9468.

Supreme Court of Utah.

Jan. 17, 1962.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for plaintiffs.

Cleon Feight, Salt Lake City, for defendants.

McDONOUGH, Justice.

Review of a Commission award on account of disability claimed to have occurred in July, 1957, with resultant surgery in January, 1960.

The Commission convened a medical panel of three doctors. After they examined applicant and his case history, which pointed to a back injury in 1955, while he was employed by one other than Makoff, and after examining communications from his personal physicians, the panel concluded that: "(1) the onset of this man's symptomatic back disease was with his injury 21 May, 1955;[1] (2) the industrial injury of 6 July 1957[2] was an

---

1. While lifting a trailer for an employer other than the one here.

2. While working for the employer here, when he slipped on a stairway during a delivery in the course of his employment.

episode in a progressive back disorder; (3) the episode requiring surgical treatment occurred at home [3] and was not a result of his industrial injury of 6 July 1957."

The Commission notified the applicant of the panel report and advised him that he could object thereto if he desired. He objected in writing. A hearing was noticed up, included in which was the statement "No medical evidence allowed at this hearing."

A hearing was had at which the applicant was the only witness. He testified that at the time of the 1957 industrial accident, while working for Makoff, he suffered pain, had done only light work since, had worn a back brace continuously thereafter, and had asked his doctor to perform surgery on his back, but was persuaded to wait. In January, 1960, in reaching for his trousers he stood up, suffered a severe pain and was hospitalized. He was operated on to relieve a herniated disc condition, which was done on the advice of his physician. The last mentioned incident occurred within three years [4] of the 1957 incident but not as to the 1955 injury.

The Commission found that he had a progressive back injury dating from 1955 which was *aggravated* by the 1957 industrial accident. It also said that "the *final*

conclusion of the panel presents a legal issue rather than a medical issue and therefore the panel exceeded its jurisdiction."

From the whole record it is quite apparent that the Commission, in referring to the panel's *final* conclusion had in mind the panel's third and last observation. We are of the opinion that the Commission was correct in this respect, but we do not think the record reflects that the Commission rejected or ignored the panel's first and second statements. The latter definitely stated that "the industrial injury of 6 July 1957 was an episode in a progressive back disorder." The urging by plaintiff that the Commission rejected all of the panel report is not borne out by the record.

Plaintiffs say that 1) the Commission's conclusion that the surgery was required by the 1957 incident was capricious and unsupported by the evidence; 2) that it erred in rejecting the findings of the panel; 3) that it erred in ordering medical payments because the injury dated back to 1955; 4) that its order was based on a misunderstanding of the facts; and 5) that its findings do not support an award.

■ As to 1): plaintiffs' brief points to and accepts the panel report, relying particularly on the third statement therein to the effect that the trouser incident was not

---

3. He reached for his trousers which were on a nearby chair, stood up, suffered a severe pain in his back and was operated on shortly thereafter to correct a herniated disc condition.

4. Title 35-1-99, Utah Code Annotated 1953, requiring the filing of a claim within three years after injury.

a result of the 1957 occurrence. We think that statement to have been a legal conclusion, and certainly the incident did not represent an industrial accident, being but an everyday occurrence at home. Plaintiffs' suggestion that the *applicant's* objection to the report required that a hearing be held at which medical testimony should have been taken,[5] is somewhat inconsistent with their insistence on its evidentiary importance. It seems inconsistent also, in that a rejection of the panel's third statement would seem to be in the applicant's favor according to plaintiffs' interpretation thereof. Furthermore, it does not seem to lie in the mouth of applicant's opponent to rely on the objection made by him.

As to 2): We are convinced that the Commission did not reject the panel's report, except as to the third statement, which we have said was a legal conclusion, and which was not an industrial accident. The trouser incident was not independently employment connected, but represented the point at which the 1957 industrial accident ripened into a compensable disability.

As to 3): The plaintiffs appear to be in error in citing an Oklahoma case[6] to the effect that an aggravation of a previous injury while in the employ of a previous

employer is not compensable. Utah cases hold contrariwise, to the effect that a subsequent aggravation or "lighting up" of a previous injury is compensable if it is demonstrated that there was a causal relation between the two.[7]

As to 4): It is true that the Commission said that the applicant's injury occurred while he was employed by Makoff in 1955 and 1957. Factually this was error, but under our aggravation cases whether he was employed by plaintiffs or someone else in 1955 would make no difference in result. The employment by plaintiffs in 1957, when his initial injury was aggravated,[8] is of primary importance here.

As to 5): Excluding the panel's third statement to the effect that the trouser incident was not the result of the 1957 occurrence, it would seem to follow that if one is injured in 1957, attended by severe pain, which requires the wearing of a back brace, a deterioration well might result in subsequent surgery and compensable disability in a direct causal connection with the 1957 incident, whether the disability occurred while in the course of employment on a stairway, while eating breakfast, reaching for one's pants, or lying in bed reading a book. A chronic appendix is no respecter

5. Title 35-1-77, Utah Code Annotated, 1953.
6. Hall v. Howard Johnson of Oklahoma, Inc., Okl., 297 P.2d 560.
7. Graybar Electric Co. v. Industrial Comm., 73 Utah 568, 276 P. 161; Jones v. California Packing Corp., 121 Utah 612, 244 P.2d 640 (1952), and cases therein cited.
8. The insurer paid the medical costs incident to that industrial accident, and purchased a back brace for the applicant.

of time, person, or place, nor is a herniated disc. We cannot attribute to pants-reaching (a most necessary daily domestic chore) any resemblance to an independent, intervening cause that could lead to a conclusion that there would be a divorcement from a progressive herniated disc deterioration that would amount to any causa causans other than the 1957 incident itself.

The Commission's award is affirmed.

WADE, C. J., and HENRIOD and CALLISTER, JJ., concur.

CROCKETT, J., concurs in the result.