395 P.2d 541

The STATE INSURANCE FUND, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah,
Alfred Lund, and United Park City
Mines Company, Defendants.

No. 10095.

Supreme Court of Utah.

Sept. 29, 1964.

Charles Welch, Jr., F. A. Trottier, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Andrew R. Hurley, Frank J. Allen, Salt Lake City, for defendants.

WADE, Justice.

The State Insurance Fund, plaintiff herein, appeals from a decision of the Industrial Commision awarding to Alfred Lund permanent total disability under the Utah Occupational Disease Law from silicosis and tuberculosis, which it found he ac-

quired in the course of his employment by the United Park City Mines Company while insured under the State Insurance Fund.

The State Insurance Fund claims three grounds for reversal. 1) That Lund was not exposed to harmful quantities of silicon dioxide dust for the five years in Utah during the 15 years preceding his disablement. 2) That he was not exposed to harmful quantities of silicon dioxide dust in his employment after the State Insurance Fund policy became effective on December 1, 1961. 3) That Lund is not entitled to recover from the State Insurance Fund, because he was not exposed to harmful quantities of silicon dioxide dust for 30 separate days during the month of December, 1961.

■ We reverse the Commission's decision only if we find a misapplication of the law, or if we find no substantial evidence furnishing a reasonable basis to support a material finding of fact.[1]

■ 1) The evidence furnishes a reasonable basis for the Commission's finding that Lund was exposed to harmful quantities of silicon dioxide dust in Utah for five years of the last 15 years immediately preceding his disablement.

Plaintiff does not question that Lund was exposed to harmful quantities of silicon dioxide dust for four years and five months within 15 years prior to his disablement on May 8, 1962.[2] This unquestioned exposure ended May 1, 1957, and thereafter Lund continued to work for United Park City Mines Company through December 30, 1961, at Keetley, Utah. He there sharpened tools in and out of doors, worked near the haulage-way where ore had been dumped; and both these operations at times produced dust. Sometimes he wore a respirator to filter the dust from his breathing. Under these circumstances, the evidence was ample to support the Commission's finding.

2) The evidence is the same against plaintiff on point 2) which covers only the last 30 days of the same period as is covered by point 1). There is no showing that the exposure during these 30 days was less than for the rest of the period after May 1, 1957, above discussed. The Commission's finding on this point is also supported by the evidence.

3) The evidence supports the Commission's finding that Lund was exposed to harmful quantities of silicon dioxide dust

---

1. Commission of Finance v. Industrial Commission, 121 Utah 83, 239 P.2d 185; Hackford v. Industrial Commission, 14 Utah 2d 184, 380 P.2d 927.

2. See Section 35-2-13(a) and paragraph (3) of U.C.A.1953.

**52**

during the period of 30 days from December 1, through December 30, 1961.

The State Insurance Fund policy covered the United Park City Mines Company only for a 30-day period commencing December 1, and ending December 30, 1961, which includes only 20 working days.

Section 35–2–14 U.C.A.1953, limits the employer's liability for occupational disease of silicosis to "the employer in whose employment the employee was last exposed to harmful quantities of silicon dioxide * * * dust during a *period of thirty days* * * *." (Emphasis ours.) This provision does not require that the employee actually work each day of the 30-day period, nor that he be harmfully exposed each day of such period, it only requires harmful exposure and employment "during a period of thirty days." It would be very unusual to have 30 working days or 30 days of harmful exposure during such a period. The obvious meaning of this statute is that it requires employment throughout this period and also harmful exposure during the period but does not require actual working or actual exposure each day of such period.

Decision affirmed. Costs to defendants.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.