396 P.2d 409

**FRUEHAUF TRAILER CO., a corp., and
Continental Casualty Co., a
corp., Plaintiffs,**

v.

**INDUSTRIAL COMMISSION of Utah and
Fred Dunn Palfreyman, Defendants.**

No. 10128.

Supreme Court of Utah.

Nov. 10, 1964.

Shirley P. Jones, Jr., Salt Lake City, for plaintiffs.

Gordon A. Madsen, A. Pratt Kesler, Atty. Gen., Salt Lake City, Clyde Patterson, Ogden, for defendants.

WADE, Justice.

Plaintiffs, Fruehauf Trailer Co. and Continental Casualty Co. seek review by this court of an award made by the Industrial Commission to Fred Dunn Palfreyman. The plaintiffs were ordered to pay all hospital and medical expenses of defendant Fred Dunn Palfreyman which were directly related to the pulmonary embolus which the commission found was the result of a previous venous thrombosis or thrombophlebitis. The commission also ordered the plaintiffs to pay temporary total disability compensation for the time required for recovery over and above the normal recovery time for a gall bladder operation and to the date that Palfreyman will be released by the attending physician.

The facts are undisputed. Defendant in January, 1961, while working for Fruehauf

Trailer Co. injured his left knee as the result of kneeling on a metal screw. From the medical testimony it appears that as a result of this injury Palfreyman developed thrombophlebitis for which he was given treatments until February 4, 1963, at which time he was hospitalized because of a gall bladder condition. On February 8, 1963, he underwent a gall bladder operation; on February 21, he developed a pulmonary embolus which necessitated a vena cava ligation.

It is plaintiff's contention that the commission should not have granted the award because Palfreyman's disability was not caused by any industrial accident or injury. They argue that Palfreyman's gall bladder trouble was not related to any industrial accident or injury and the operation to correct this trouble was the direct, intervening and independent cause of his pulmonary embolus and therefore his present disability is not compensable.

Palfreyman concedes that if his disability was the result of an intervening, independent cause not connected with any industrial accident, plaintiff's contention would be correct; however, he contends that the facts do not sustain plaintiff's contention.

██ The commission found that the pulmonary embolus was the result of Palfreyman's previous venous thrombosis. This court will not interfere with the commission's material fact findings unless such findings are not based on substantial evidence establishing a reasonable basis for such findings.[1]

██ From the medical testimony adduced at a hearing of this matter by the commission and from the report of a medical panel appointed by the commission there appears substantial evidence for the commission's finding that the pulmonary embolus was the result of a previous venous thrombosis and that the previous venous thrombosis resulted from the industrial accident. Plaintiffs' own medical expert testified that a person who has suffered from thrombophlebitis has twenty times the chance of a normal, healthy patient when subjected to operative procedure to have the phlebitis flare up again and is more likely to have an aggravation and a recurrence of that condition.

There being substantial evidence of a causal relationship between the previous industrially caused injury and the pulmonary embolus he suffered after undergoing a gall bladder operation the award must be upheld. As this court pointed out in Makoff Co. v. Industrial Commission,[2] the aggravating cause which flares up a previous in-

1. State Ins. Fund v. Industrial Commission, 16 Utah 2d 50, 395 P.2d 541.

2. Makoff Company v. Industrial Commission, 13 Utah 2d 23, 368 P.2d 70.

jury need not be the result of an accident which is independently employment connected.

Award sustained. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.