398 P.2d 889

**AMERICAN MUD & CHEMICAL COMPANY
and American Surety Company, Plaintiffs,**

v.

**INDUSTRIAL COMMISSION of Utah and
Byron Davies, Defendants.**

No. 10111.

Supreme Court of Utah.

Feb. 9, 1965.

Hanson & Baldwin and Robert W. Brandt, Salt Lake City, for plaintiffs.

A. Pratt Kesler, Atty. Gen., and Brayton, Lowe & Hurley, Salt Lake City, for defendants.

McDONOUGH, Justice.

This petition seeks review of the proceedings and orders of the Industrial Commission in awarding Davies the benefits under the Utah Occupational Disease Disability Law, Chapter 2, Title 35, Utah Code Annotated 1953.

. The award was made for total disability from silicosis contracted during employment, and the sole question presented for review is whether or not Byron Davies filed his claim before the Industrial Commission within one year after his cause of action arose.[1]

Mr. Davies filed his application for disability on April 9, 1962, claiming to be totally disabled within the definition of U.C.A.1953, 35–2–12(a):

> (a) " 'Disablement' means the event of becoming *physically incapacitated* by reason of an occupational disease as defined in this act *from performing any work for remuneration* or profit. Silicosis, as defined in this act, when complicated by active pulmonary tuberculosis, shall be presumed to be total disablement. 'Disability,' 'disabled,' 'total disability,' or 'totally disabled' shall be synonymous with 'disablement,' but they shall have no reference to 'partial permanent disability.' " (Emphasis added.)

He testified that the only work for compensation which he had done since leaving the employ of American Mud and Chemical Company on December 31, 1960, was when he was hired as a consulting geologist during November and December, 1961. This employment required no physical exertion, and he testified that he had done no physical labor since the plant was closed in 1960. The printed claim form which he submitted completed to The Industrial Commission states "that he was unable to work because of that disease [silicosis] from *1961* to *1962."* (Emphasis ours.)

The reasoning of the insurer extracts the words "physically incapacitated" from the statute and relocates them to modify "work for remuneration"; it further deduces from the above testimony that Davies considered himself totally disabled for physical work subsequent to December 31, 1960; and concludes that his cause of action arose at that time and was barred December 31, 1961. Buttressing this argument, it cites the evidence of Dr. J. D. Mortensen, who examined the applicant on June 13, 1960, and told him that he was suffering an advanced case of silicosis, and that he should contact the Industrial Commission. The total picture, it is urged, presents an ascertainable disability and a compensable disability prior to April 9, 1961, State Ins. Fund v. Ind. Comm., 116 Utah 279, 209 P.2d 558.

---

1. U.C.A.1953, 35–2–48: "The right to compensation under this act for disability or death from an occupational disease shall be forever barred unless written claim is filed with the commission within the time as in this section hereinafter provided:

" '(a) If the claim is made by an employee and based upon silicosis it must be filed within one year after the cause of action arises.' "

■ (1) Plaintiffs' construction of the statute, U.C.A.1953, 35-2-12(a) neither conforms to the rules for construction of statutes, U.C.A.1953, 68-3-11, nor furthers the important rehabilitation features of the Workmen's Compensation Law, U.C.A.1953, 35-1-67. The statute speaks plainly of total disability as affecting the applicant's ability to perform *any* work with which to support himself and dependents. Recognizing that in each case the effect of a physical injury or illness will differ according to the abilities of the applicant does not require a construction of the statute which would penalize the independent or versatile worker.

■■ (2) The fact that defendant knew he had silicosis does not force the conclusion as a matter of law that he knew that he had a compensable disability. He had sought Dr. Mortensen's advice because of a chronic cough and shortness of breath. The doctor ascribed these conditions to bronchitis, overweight and silicosis, testifying:

> "I felt that his pulmonary function test had indicated his silicosis was not at that time disabling, but that he was limited in activity because of bronchitis."

Contrasted with the evidence which plaintiffs believe demonstrate the existence of a compensable disability known to exist more than one year before the filing of the application is the following:

1. Mr. Davies did not leave his employment with American Mud & Chemical Company for reasons of health or inability to perform the work. The plant was simply closed down.

2. Mr. Davies was told three causes of the symptoms which had concerned him.

3. Even after learning of his illness, Mr. Davies returned to his job and continued to work until the job was terminated.

4. After his regular employment was discontinued, Mr. Davies was able to secure work for remuneration.

5. There was no medical opinion that Mr. Davies was totally disabled until the filing of the report of the medical panel appointed by the Industrial Commission, June 16, 1962.

■ Although there is little conflict in the evidence, the inferences to be drawn from them are within the peculiar province of the Commission and will not be overturned in absence of a clear abuse or misinterpretation, U.C.A.1953, 35-1-84; Tintic Standard Min. Co. v. Ind. Comm., 100 Utah 96, 110 P.2d 367.

The order of the Commission is affirmed.

HENRIOD, C. J., and CROCKETT, WADE and CALLISTER, JJ., concur.