407 P.2d 1006

Laurence VAUSE, Plaintiff,

v.

INDUSTRIAL COMMISSION of Utah, Olsen Welding and Machine Shop, and The State Insurance Fund, Defendants.

No. 10376.

Supreme Court of Utah.

Nov. 22, 1965.

Christensen, Paulson & Taylor, Thomas S. Taylor, Provo, for plaintiff.

Phil L. Hansen, Atty. Gen., Elton & Moore, Robert D. Moore, Salt Lake City, for defendants.

CROCKETT, Justice.

Review of a decision of the Industrial Commission denying Laurence Vause Workmen's Compensation for claimed disability resulting from lung, heart and circulatory deficiencies which he claims should be classified either as silicosis or other occupational disease which arose "directly as a natural incident of exposure occasioned by his employment" while working as a welder for the defendant, Olsen Welding and Machine Shop.[1]

On April 24, 1963, plaintiff filed for compensation with the State Insurance Fund; and on June 8, 1963, filed his application with the Industrial Commission stating that he had contracted the occupational disease of "severe pulmonary emphysema, heart condition and severe angina" and that his disability occurred on March 2, 1963. The State Insurance Fund, the carrier for his employer, denied liability. The Commission appointed a medical panel whose report is

1. Sec. 35-2-27, U.C.A.1953 provides for compensation for certain occupational diseases.

referred to below. Objections were made to the report and after a hearing [2] the Commission rejected plaintiff's claim on two grounds: that it was not timely filed, and that his disability was not a result of an occupational disease.

■ The time limitation for filing claims for occupational disease is prescribed by Sec. 35–2–48, U.C.A.1953: If for silicosis, within one year after disability occurs; and for other diseases, within either 60 or 90 days as therein specified. With respect thereto we observe that the latter limitation appears to be particularly unrealistic. Although we must defer to the legislative mandate in that regard, the statute undoubtedly should be liberally construed and applied to protect a claimant upon any legitimate claim. It should not begin to run against him until his condition has progressed to the point of total permanent disablement and he is aware of the facts which are essential as a foundation for his claim.[3] Except for the foregoing observations we deem it unnecessary to further concern ourselves with the question of the statute of limitations here and proceed to the merits of the case.

The plaintiff bases his case on appeal upon his own testimony and evidence adduced on his behalf. The theory is that in his work as a welder for the defendant Olsen Welding Company over a period of about eight years he inhaled fumes and dust which cumulatively resulted in his lung difficulties, which in turn so aggravated his heart condition that he was finally rendered unable to work in March of 1963 and thus should have compensation under the occupational disease statute. Without spelling out in detail the medical evidence upon which plaintiff relies, it can fairly be characterized as indicating that it is, as he terms it, "within the realm of reasonable medical probability" that dust and fumes inhaled while welding contributed to or aggravated his lung trouble, which in turn contributed to or aggravated his heart condition, so that he was rendered unable to work.

■ The weakness in plaintiff's position is one not uncommon in appeals to this court: of becoming so absorbed in his own contentions and so preoccupied with the assumed righteousness of his own case that he is unable or unwilling to give proper consideration to the countervailing evidence.

2. For discussion of procedure where the medical panel report is objected to see Hackford v. Industrial ·Commission, 11 Utah2d 312, 358 P.2d 899.

3. See the recent ·case of American Mud ·and Chemical Co. v. Industrial Commission, 16 Utah 2d 246, 398 P.2d 889, wherein Justice McDonough, for the court, observed, "[t]hat claimant knew earlier that he had silicosis did not establish as a matter of law that he knew that he had compensable disease" for the purpose of starting limitations on his claim. See also State Insurance Fund v. Industrial Commission, 116 Utah 279, 209 P. 2d 558.

**220**

Such an intransigent approach is certainly of no help to the court, nor is it of any advantage to the party involved. It is a disservice to any cause to make unsupportable claims for it, because discovery of the fallacy tends to discredit and weaken the entire case and thus to impair whatever merit it may have. Our statutory and decisional law require us to look at the evidence in the light most favorable to the Commission's finding,[4] and it is the obligation of the parties involved to so present the matter to the court.

In conjunction with plaintiff's version of the evidence, there must also be considered the testimony of his own medical witness that he had for some years been afflicted with chronic asthmatic bronchitis, and that working at welding *could have* aggravated this and contributed to his heart trouble, not that it *did* so. Far more important, the medical panel found that the plaintiff's disability was from a combination of nonoccupational causes: Arteriosclerosis, arterial hypertension, sclerotic and hypertensive heart disease, angina pectoris, chronic bronchitis and lung fibrosis and pulmonary emphysema. This in less precise but simp-

ler language means that he had bad lungs, a weak heart and poor circulation.

After the objections were filed to the report, Dr. Kilpatrick, chairman of the panel, testified at the hearing; and upon both direct and cross-examination reaffirmed its conclusions. The evidence also showed that plaintiff's afflictions are in varying degrees very common in people of his age, he was 56; that there is no particular relationship between them and welding; that the plaintiff had had these conditions for years; and that his welding and any exposure to dust and fumes in connection with it was of "minimal significance" in causing his disabilities.

■■ It is thus apparent that there is ample basis in the evidence upon which the Commission could reasonably refuse to believe that the plaintiff contracted an occupational disease arising out of his employment. This court cannot properly reverse the Commission and compel an award unless there is credible evidence without substantial contradiction which points so clearly and persuasively in plaintiff's favor that failure to so find would justify the conclusion that the Commission acted ca-

4. As to scope of review see § 35–1–85, U.C.A.1953 in original volume. Careful checking reveals that this section was neither amended nor repealed by S.B. 66, Chap. 67, S.L.U.1965 and is thus still part of our law. However, by some error or inadvertence it is not included in the new pocket supplement and its old number 35– 1–85 is given to a new section relating to Depositions of Witnesses. The latter section should be given a different designation and the old § 35–1–85 should be included in our statutes. See also statement in Moray v. Industrial Commission of Utah, 58 Utah 404, 199 P. 1023 in regard to review.

priciously, arbitrarily or unreasonably in disregarding or refusing to believe the evidence.[5] No such situation is shown to exist here.

Order affirmed. No costs awarded.

WADE and CALLISTER, JJ., and A. H. ELLETT, District Judge, concur.

McDONOUGH, J., having disqualified himself, does not participate herein.

HENRIOD, C. J., does not participate herein.

5. See Kent v. Industrial Commission, 89 Utah 381, 57 P.2d 724; and Kavalinakis v. Industrial Commission, 67 Utah 174, 246 P. 698.