424 P.2d 440

**William C. JENSEN, Plaintiff,**

**v.**

**UNITED STATES FUEL COMPANY and the Industrial Commission of Utah, Defendants.**

**No. 10600.**

Supreme Court of Utah.

March 1, 1967.

S. V. Litizzette, Helper, for plaintiff.

Marr, Wilkins & Cannon, Richard H. Nebeker, Phil L. Hansen, Atty. Gen., Salt Lake City, for defendants.

CROCKETT, Chief Justice:

Plaintiff, William C. Jensen, seeks reversal of an order of the Industrial Commission denying his application for workmen's compensation benefits for an injury he claims to have suffered while working in the mine of defendant United States Fuel Company at Hiawatha, Utah, on July 27, 1964.

In regard to the plaintiff's contention that the evidence compels an award it is appropriate to note that there are two propositions essential as a predicate to his recovery: (1) that he suffered the claimed accident arising out of or in the course of his employment; and (2) that it proximately caused his injury.

As will be seen below, the first proposition is not of controlling importance here. But to provide the factual background of this case we discuss briefly the evidence relating to it. On this review we assume that the Commission believed the evidence and the reasonable inferences therefrom favorable to the defendant's position.[1]

Plaintiff testified that on July 27, 1964, in connection with his work as a mechanic on a roof-bolting machine in defendant's mine, he crawled under the machine in a crouched position, and as he straightened up on reaching the other side, bumped and injured his back. Two of his fellow employees gave some corroboration of his statement. He did not report the matter to his foreman or any other company personnel on that date. It was about three weeks later, on August 18, he first talked to the foreman about having a lame back, but according to the latter's testimony, plaintiff did not mention any specific time or accident and said that "he didn't know whether it was from an old accident, or an old hurt, or anything like that." Plaintiff continued to work regularly through Friday, August 6, but did not come to work the following Monday. He returned to work on August 25 and worked regularly until October 23, 1964. On October 25, 1964, while bending over at home, he developed a pain in his back and down his left leg.

Pursuant to medical advice, the detail of which is not essential here, he had a first operation for correction of a protruded intervertebral disc on December 21, 1964. At first his reaction to the operation was good,

---

1.  Vause v. Ind. Comm., 17 Utah 2d 217, 407 P.2d 1006.

but later the pain returned and on July 29, 1965, he underwent another operation at which time a fusion of vertebrae was performed. The cost of his operations was paid by the United Mine Workers Welfare and Retirement Fund.

It was not until March of 1965, about eight months after the alleged injury, and three months after the first operation, that the plaintiff filed his application for benefits and medical treatment, alleging the injury of July 27, 1964. The first hearing was held on June 18, 1965. At that time the Commission appointed a medical panel to make a report to the Commission concerning the plaintiff's condition.[2] The panel made its report on August 13, 1965, stating these conclusions:

1. That plaintiff had a protruded intervertebral disc.

2. That plaintiff had pre-existing radiographic degenerative changes at L–4 and L–5 being more marked at L–5. These degenerative changes were apparently asymptomatic prior to the alleged accident.

3. The panel felt * * * that it is a more reasonable probability that this was the insidious onset of a protruded intervertebral disc that *we see most commonly without trauma and is of the opinion that the alleged accident was not significant in the causation of his protruded intervertebral disc* and that the protrusion would have occurred and that the subsequent course would have been no different had this accident not occurred. (Emphasis added.)

On September 8, 1965, the plaintiff filed objections to the findings of the panel. A further hearing was held on November 22, 1965, at which Dr. Holbrook, chairman of the panel, testified in corroboration of the written report: to the effect that taking into account all of the facts, including plaintiff's previous history, the accident was not a significant factor in causing his condition which required correction by the operative procedures.[3]

We recognize the value and the usefulness of an impartial medical panel to make an independent examination and diagnosis in such cases. We are also in accord with the position of the plaintiff that it is not the panel's prerogative to encroach upon the authority vested in the Commission to make the findings of fact and render the decision upon the application.[4] Its proper purpose is limited to medical examination and diagnosis, the evidence of which is to be considered by the Commission in arriving at its decision. There is no in-

2. Pursuant to Sec. 35–1–77, U.C.A.1953.
3. As to necessity of testimony when objection is made see Hackford v. Ind. Comm., 11 Utah 2d 312, 358 P.2d 899.

4. Sec. 35–1–85, U.C.A.1953.

dication here that this limitation was transgressed. In referring the case to the medical panel the Commission stated that they should make their report on the assumption that an accident had taken place and determine what part, if any, it had played in causing the plaintiff's condition.

We see no reason to disagree with plaintiff's .contention that his evidence shows without dispute that he had a bad back which was painful and distressing to him. In fact this seems to have been so for some time even prior to the accident. Furthermore, there is substantial, competent and believable evidence that he suffered a bruise to his back by bumping it on the bolting machine in defendant's mine in July, 1964. However, this is not true of the critical issue in this case: whether that incident had any causal relationship to the condition of the intervertebral disc and bony structure of his back which required the operations. While both parties argue that the evidence on this disputed issue is conclusive in their favor, there is a basis in the evidence from which the Commission could reasonably refuse to find that the accident was what caused plaintiff's disability. Therefore we cannot conclude that the denial of an award was capricious or arbitrary.[5]

Affirmed. No costs awarded.

CALLISTER, HENRIOD, TUCKETT. and ELLETT, JJ., concur.

5. See Spencer v. Ind. Comm., 4 Utah 2d 185, 290 P.2d 692.