459 P.2d 212

Gary G. MORLEY, Plaintiff,

v.

INDUSTRIAL COMMISSION and Morley Construction Company and the State Insurance Fund, Defendants.

No. 11547.

Supreme Court of Utah.

Sept. 22, 1969.

8. 22 Utah 2d 63, 448 P.2d 720 (1968), and see authorities therein cited.

Paul N. Cotro-Manes, of Cotro-Manes, Fankhauser & Beasley, Salt Lake City, for plaintiff.

Robert D. Moore, of Rawlings, Roberts & Black, Salt Lake City, Vernon B. Romney, Atty. Gen., Salt Lake City, for defendants.

ELLETT, Justice.

The plaintiff, a 33-year-old male, claims to have been injured while in the course of his employment. He appeals from the denial by the Industrial Commission of Utah of his claim for compensation.

Our statute provides that findings of fact made by the Industrial Commission are conclusive and final and not subject to review. Sec. 35–1–85, U.C.A.1953. We have on many occasions said that if there is substantial evidence to support the findings, we will not reverse. See Vause v. Industrial Comm., 17 Utah 2d 217, 407 P.2d 1006 (1965).

The facts as claimed by the plaintiff would stretch the credulity of men even too old to remember when they were young. This is what the plaintiff claims:

Plaintiff, a partner in a construction company, went to a beer tavern at about 5:30 p. m. on Friday, March 25, 1966, to solicit a remodeling job. He found the proprietress busy and had a beer while awaiting a more favorable opportunity to talk business with her. Several minutes later a 21-year-old girl and her mother got into an argument, and the daughter wanted to leave, but the mother would not surrender the car keys to her. The proprietress, being ever mindful of the desires of her patrons, requested the plaintiff to drive the young lady home—to her motel. The plaintiff, wishing to make a favorable impression on the proprietress, and strictly in the furtherance of the business of giving an estimate relative to the hoped-for remodeling job, acquiesced and agreed to drive the young damsel home— to her motel. However, things began to go awry: The young thing promptly seated herself under the wheel of plaintiff's car while he meekly sat beside her, all the while holding a bottle of beer between his knees. After traveling a few blocks, the young lady let the car get out of control and hit a tree with such force as to

break the beer bottle and severely injure the plaintiff.

That in substance was his story, and he stuck to it. However, there was other testimony given to the Industrial Commission. The officer who investigated the accident testified that there was a substance around plaintiff's mouth which appeared to be lipstick and that it matched the lipstick worn by the girl. The girl herself testified that she had been introduced to plaintiff several weeks prior to the accident. She also said she had been in the tavern some five hours before she and plaintiff left together in his car and that while she was there the plaintiff was also present and had danced with her, bought a few beers for her, and kissed her a couple of times. She said the plaintiff asked her to drive the car. She also said she did not think she was wearing lipstick but if she was, it was a light pink.

There is no need to set forth further testimony. The Industrial Commission found that the plaintiff was not in the course of his employment when he received his injuries, and we are not inclined to assert that we are better versed in the "ways of a man with a maid" than were the members of the defendant Commission. They did not believe the plaintiff was in the performance of his duties as an employee, and neither do we.

The order of the Commission is affirmed.

CROCKETT, C. J., CALLISTER and TUCKETT, JJ., and BRYANT H. CROFT, District Judge, concur.

HENRIOD, J., does not participate herein.