475 P.2d 835

Edward L. PERCHELLI, Plaintiff,

v.

UTAH STATE INDUSTRIAL COMMISSION, Utah State Department of Highways and The State Insurance Fund, Defendants.

No. 11983.

Supreme Court of Utah.

Oct. 23, 1970.

Daniel A. Alsup, of Alsup & Stark, Ogden, for plaintiff.

Vernon B. Romney, Atty. Gen., Robert D. Moore, Salt Lake City, for defendants.

CALLISTER, Justice.

This proceeding involves a writ of review of an order of the Industrial Commission denying applicant additional compensation benefits. Applicant, an employee of the State Road Commission, sustained a low back injury during the course of his employment, while lifting a bucket of wet cement on March 21, 1966. This injury was determined compensable. He returned to work on April 14, 1966. A report from his physician, Dr. Clikeman, D.C., stated that as of that date applicant's condition was asymptomatic. However, the doctor reported the nature of the injury as follows:

Lumbo-Sacral strain. Acute traumatic intervertebral disc compression involving the left lumbo-sacral nerve. Paresthesia in left leg on rising. Erector spinae and quadratus muscle spasm both right and left, with left pelvic shift.

Subsequently, applicant experienced intervals of pain, lasting several days, during which time he used crutches to aid him. On a Sunday morning, during January of 1968, while applicant was combing his hair at home, he sneezed with an apparent onset of severe pain. The medical diagnosis was a herniated disc L5 S1; applicant failed to respond to conservative treatment. On April 24, 1968, Dr. Wright, M.D., performed a surgical intervention to remove the extruded material. Applicant applied for additional compensation benefits, which were denied.

Subsequent to a hearing before a hearing examiner of the Industrial Commission, the following questions were submitted to a medical panel:

1. As a reasonable medical probability, did the lifting accident of March 1966 lead eventually to the surgery of 1968?

2. If the surgery was the result of the accident of 1966, what effect, if any, did the "sneezing episode" or other intervening periods of disability have on the need for surgery?

3. What effect, if any, did any preexisting injury, disease, or congenital defect have on the applicant?

4. The extent, if any, of permanent partial disability that can be attributed to the industrial accident of 1966?

The medical panel responded to the questions as follows:

1. This man has a history of back difficulty since March, 1966. Knowing the progress and course of this disorder it is apparent that these symptoms have been due to intervertebral disc derangement.

2. The sneezing episode precipitated his back to the condition that made surgery necessary.

3. Whether or not surgery would ultimately have become necessary had he not sneezed is speculative but it appears that there is a reasonable medical probability had he not sneezed some other major or minor episode would have triggered the actual disc herniation requiring surgery.

4. It is speculative whether or not this man would actually have developed the same problem with his back in the absence of the accident of 1966 but there is a reasonable medical probability that he would have developed a symptomatic disc pathology from some other event had it not been that.

5. There is no evidence of significant pre-existing injury, disease or congenital defect.

6. There is a ten percent permanent loss of body function.

The hearing examiner adopted the findings of the medical panel as his own and concluded that he must, therefore, find that the sneezing episode, which was wholly unrelated to applicant's employment, was the cause of the total disability and surgery in 1968. The examiner concluded, as a matter of law, that applicant was not entitled to additional compensation benefits as a result of the accident of March 21, 1966, The order denying applicant's claim was passed by the Industrial Commission.

On review, applicant asserts that the findings of fact do not support the order denying the award. He vigorously contends that the facts do not support a conclusion that the sneeze was an independent, intervening cause that broke the natural chain between the industrial accident and the ultimate disability and surgery. Applicant argues that the sneeze merely acted upon the back condition created by the accident so as to trigger the disability.

In Makoff Company v. Industrial Commission [1] this court observed that particularly in the case of a progressive back disorder, there may be a direct causal relationship between an industrial accident and a subsequent disability, although some other episode may represent the point of time when the industrial accident ripened into a compensable injury.

The facts as found by the medical panel and adopted by the Industrial Commission reveal that since applicant's injury in March of 1966, he has had a progressive back disorder due to an intervertebral disc derangement. The sneezing episode represented the point in time when his back disorder reached the condition where surgery became necessary, i. e., the time at which the industrial accident ripened into a compensable injury. The findings further indicate that there was a reasonable medical probability that had applicant not sneezed, some other episode would have triggered

1. 13 Utah 2d 23, 368 P.2d 70 (1962).

the actual disc herniatio.., requiring surgery.

\* \* \* A chronic appendix is no respecter of time, person, or place, nor is a herniated disc. We cannot attribute to pants-reaching (a most necessary daily domestic chore) any resemblance to an independent, intervening cause that could lead to a conclusion that there would be a divorcement from a progressive herniated disc deterioration that would amount to any causa causans other than the 1957 incident itself.[2]

The instant proceeding is clearly distinguishable from Jensen v. United States Fuel Company,[3] wherein there was competent, credible evidence to support a determination that, taking into account applicant's previous history, the accident was not a significant factor in causing the condition which required corrective surgery.

\* \* \* This court cannot properly reverse the Commission and compel an award unless there is credible evidence without substantial contradiction which points so clearly and persuasively in plaintiff's favor that failure to so find would justify the conclusion that the Commission acted capriciously, arbitrarily or unreasonably in disregarding or refusing to believe the evidence. \* \* \*[4]

In the instant review, there is not a scintilla of evidence in the record to support the conclusion that the sneezing episode was *the cause* of applicant's disability. On the other hand, there is credible, competent evidence, without substantial contradiction, that clearly and persuasively supports applicant's claim. We are compelled to conclude that the action of the Industrial Commission was arbitrary, unreasonable, and capricious. This case is reversed and remanded to the Commission for further proceedings in accordance with this opinion.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

2. Makoff Company v. Industrial Comm., note 1, supra, see pp. 25–26 of 13 Utah 2d, p. 72 of 368 P.2d.
3. 18 Utah 2d 414, 424 P.2d 440 (1967).
4. Vause v. Industrial Comm., 17 Utah 2d 217, 220–221, 407 P.2d 1006, 1008 (1965).