503 P.2d 853

**FAIRFIELD IRRIGATION COMPANY
et al., Plaintiffs and Appellants,**

**v.**

**M. Kenneth WHITE and Ralph M. Smith,
Defendants and Respondents.**

No. 12817.

Supreme Court of Utah.

Nov. 29, 1972.

Clyde, Mecham & Pratt, Edward W. Clyde, Salt Lake City, for plaintiffs and appellants.

Joseph Novak, Salt Lake City, for defendants and respondents.

CALLISTER, Chief Justice:

Plaintiff Fairfield Irrigation Company filed a petition for an order to show cause, alleging that defendant White had violated provisions of a decree entered in 1965, wherein the rights to the use of certain underground waters of Cedar Valley were determined. The trial court issued the order; an evidentiary hearing was held; thereafter, the court found that defendant had not violated the provisions of the decree and was not guilty of contempt. The petition to show cause was dismissed and the relief sought by plaintiff was denied. Plaintiff appeals therefrom and urges that the manner in which defendant operates two irrigation wells violates the rights of plaintiff as fixed by the 1965 decree.

The relevant terms of the 1965 decree provided that Fairfield Irrigation Company was the owner of all of the waters issuing

from the Fairfield Spring area, that defendant White had two large irrigation wells that produced water from the same source, which directly and immediately caused the flow of the water from the springs to be reduced. Defendant White was enjoined from producing any water from his two large irrigation wells except upon the condition that he comply with a replacement order, which specified that the irrigation water from Fairfield Springs be maintained at a minimum flow of 4.10 c. f. s. through April 20 to October 20, and that the average flow be such as to yield not less than 1600 acre feet during said season.

After the decree was entered in 1965, White appealed to this court, alleging as one of the errors the insufficiency of the evidence to support the requirement of replacement in the amounts specified. This court reviewed the evidence and affirmed the decree of the trial court.[1] In the course of the opinion this court explained that the plaintiff irrigation company had established rights to put to a beneficial use the waters arising from Fairfield Springs. Defendant White had drilled two large irrigation wells approximately two miles north of the springs, and shortly after the wells were put into operation there was a decrease in the flow from the springs. Tests indicated that the water from the springs

and from the wells came from the same underground basin. White drilled a replacement well so that he could replace the amount of water necessary to meet the requirements of those having prior rights. The 1965 decree specified the replacement requirements.

In its petition for an order to show cause, plaintiff claimed that under the decree it was entitled to all of the waters issuing from Fairfield Springs, that frequently the natural flow from the springs would have exceeded the minimum of 4.1 c. f. s., but defendant had turned on his pumps intermittently, particularly during the growing season of May, June, and July, which reduced the flow of the springs. Defendant had not replaced this water because the flow from the spring had not dropped below the minimum. Plaintiff contended that it was entitled to have the water that would have naturally flowed into the spring in May, June, and July, but for the operation of the defendant's well, replaced at the same time defendant's wells were operating. Plaintiff further urged that in order for it to receive 1600 acre feet as decreed by the court, the spring must yield an average of 4.40 c. f. s. throughout the entire season. During the early growing season, defendant operated his wells so that the flow of the springs was maintained at approximately 4.1 c. f. s., then when the water was less

1. 18 Utah 2d 93, 416 P.2d 641 (1966).

valuable in late September a sufficient amount flowed to meet the 1600 acre feet requirement. Plaintiff conceded before the trial court that it was asking for a refinement of the decree, i. e., the decree was silent to the amount of water to which plaintiff was entitled in May and June.

The evidence presented at the hearing indicated that at no time did the flow of the springs drop below 4.1 c. f. s. Furthermore, plaintiff proffered no evidence indicating that it received less than 1600 acre feet between April 20 and October 20. Based thereon, the trial court dismissed the petition.

On appeal, plaintiff contends that the specific replacement provisions of the decree were never intended to limit the determination that plaintiff was the owner of all the water issuing from the springs. Plaintiff argues that where the measurements indicate that the spring would yield more water, if defendant were not pumping, defendant, in effect, is taking spring water, which he should be compelled under the decree to replace day by day, acre foot by acre foot.

This court observed in its opinion on the prior appeal in this case [2] that records of the flow of Fairfield Springs for a period of 18 years indicated the flow was constantly at or above 4.10 c. f. s. except for one reading. These measurements were taken by various experts and in different seasons of the year. Measurements taken after White's wells were producing could be regarded as not controlling because the equilibrium in the basin had been destroyed, and the time required to allow it to readjust to its former condition would be impossible to determine with certainty.

Since plaintiff and defendant both produce their water from a common source, an underground basin, the 1965 decree determined and regulated their rights thereto. The trial court found that defendant had not violated the provisions of the decree. Plaintiff's assertion that defendant should not be permitted to pump any water, unless he simultaneously replaces it, without regard to the amount the springs are producing, would constitute a modification of the decree.

The order of the trial court is affirmed. Costs are awarded to defendant.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

2. At p. 98 of 18 Utah 2d, 416 P.2d 641.