**Raymond M. ANDERSON, Plaintiff,**

v.

**DOMINIC ELECTRIC, and United States Fidelity & Guaranty Company, and Second Injury Fund, Defendants.**

No. 18527.

Supreme Court of Utah.

March 10, 1983.

2.  *Jorgensen v. Jorgensen,* Utah, 599 P.2d 510, 511–12 (1979).

Pete N. Vlahos, Ogden, for plaintiff.

**242**

Ford G. Scalley, David L. Wilkinson, Frank V. Nelson, Salt Lake City, for defendants.

PER CURIAM:

Plaintiff seeks review of an order of the Industrial Commission denying him workmen's compensation benefits.

On April 2, 1979, plaintiff was employed by defendant Dominic Electric as an electrician. While at work, plaintiff bumped his head on the eaves of a building and fell to his knees. Plaintiff worked throughout the day and thereafter. Three days later, however, he began to experience visual problems and went to see one Dr. Lang, an opthamologist. On May 23, 1979, plaintiff was admitted to the hospital, where he was evaluated by a neurologist, one Dr. Schmidt. The evaluation consisted of a CT brain scan and cerebral arteriograms. No abnormalities were found.

Plaintiff's condition continued to deteriorate, but he continued to work until late November, 1979. In December, he was readmitted to the hospital. On this occasion, a CT brain scan disclosed the presence of a tumor, which was surgically removed on December 20, 1979. The surgery left plaintiff totally disabled.

When defendant United States Fidelity & Guaranty Company (the compensation carrier for Dominic Electric) denied benefits, plaintiff filed with the Industrial Commission. A hearing was had and the matter was referred to a medical panel. The panel concluded that the injury of April 2, 1979, did not cause plaintiff's permanent impairment. Plaintiff objected to the findings of the panel and a further hearing was had. The administrative law judge thereafter adopted the medical panel's findings and ruled that the incident of April 2, 1979, did not constitute a compensable accident within the meaning of the Workmen's Compensation Act. The decision of the administrative law judge was affirmed by the Industrial Commission on a motion for review. The Commission conceded that plaintiff's bumping of his head constituted an industrial accident, but held that there was no causal relationship between that incident and plaintiff's present condition.

The basic thrust of plaintiff's arguments to this Court is that the Commission erred in not ruling that the accident on April 2, 1979, aggravated a preexisting condition.[1] This is a factual matter best left to the Commission. Although some of the evidence suggests a "possibility"[2] that the bump on the head aggravated plaintiff's condition, there was substantial evidence to the contrary.[3] Plaintiff's own witness, the operating surgeon who removed the tumor, indicated that there was no objective evidence of hemorrhaging. The medical panel attributed the deterioration of plaintiff's condition not to the blow to the head, but to the progression of the tumor and its increase in size.

Plaintiff challenges the makeup of the medical panel and, particularly, the fact that the case turns on its assessment of the facts. We are convinced that the panel was properly constituted, being represented by a neurologist, an opthalmologist, and a psychiatrist. Although the ultimate duty to find the facts falls upon the Commission, the panel is to provide medical examination and diagnosis.[4] We do not believe the Commission erred in adopting the panel's findings as its own, because of the expertise required in making such findings.

The decision of the Industrial Commission is affirmed.

---

1. U.C.A., 1953, § 35–1–69.

2. A finding of fact and the imposition of liability cannot properly be made on a mere possibility. *IGA Food Fair v. Martin,* Utah, 584 P.2d 828 (1978).

3. This Court will affirm the Commission when there is substantial evidence to support its findings. See, *e.g., Jensen v. United States Fuel Company,* 18 Utah 2d 414, 424 P.2d 440 (1967).

4. *Jensen, id.*