Steaven R. HESTER, Plaintiff,

v.

SOUTH OGDEN CITY and State
Insurance Fund, Defendants.

No. 18220.

Supreme Court of Utah.

March 10, 1983.

James R. Hasenyager, Ogden, for plaintiff.

James R. Black, David L. Wilkinson, Frank V. Nelson, Salt Lake City, for defendants.

PER CURIAM:

On June 5, 1978, plaintiff, while working for South Ogden, injured his left knee when it was hit by a garbage truck. He was attended by a Dr. Brewer, who performed three operations on the knee. Brewer declared the injury stabilized by August, 1979, after the plaintiff, in June of that year, had complained of a hip problem. Plaintiff was paid compensation for the knee injury, but none for the hip injury, for which he asked continued compensation.

After a hearing and medical panel report, the administrative law judge denied compensation for the hip injury on the grounds that it had no causal connection with the knee injury, which was the basis for the claim. That decision was affirmed by the Industrial Commission.

■ In line with the traditional scope of review by this Court to the effect that statutorily [1] and by precedent,[2] the decision of the Commission will be honored except in the unusual case where an abuse of discretion is claimed and where the believable, admissible evidence (or the lack of it) clearly shows such abuse. There appears to be no such history here, where the evidence, briefly abstracted, reflects the following.

■ The plaintiff's personal physician, when asked as to the relation between the knee and the hip injuries, answered that they were related *indirectly* because of the prolonged and frustrating knee problems. On cross-examination, he conceded that such a hip injury "occurs with or without trauma." The hospital records prepared by the physician stated that the plaintiff ap-

1. U.C.A., 1953, § 35–1–85.

2. *Sabo's Electronic Service v. Sabo,* Utah, 642 P.2d 722 (1982); *Kaiser Steel Corp. v.* *Monfredi,* Utah, 631 P.2d 888 (1981); *Vause v. Industrial Commission,* 17 Utah 2d 217, 407 P.2d 1006 (1965); *Russell v. Industrial Commission,* 86 Utah 306, 43 P.2d 1069 (1935).

peared to be interested in continuing disability and remuneration therefor. The medical panel, in a somewhat lengthy report, found plaintiff to be healthy, but he walked with a limp. In certain significant tests, plaintiff appeared to show severe pain, and in others no pain or loss of function at all. The panel report, based on an extensive examination, concluded that "[t]he problems of the left hip are not attributable or related to the left knee injury." The panel also found that plaintiff suffered no permanent disability or impairment of physical function.

The plaintiff's contention that the law judge should have made findings as to the testimony of plaintiff's doctor, appears to be without necessity or merit in this particular case. The law judge properly made findings and conclusions supportive of his decision, subject of the review by the Commission and this Court, as follows:

> The applicant was referred to a Medical Panel for an examination and report. The panel report is hereby incorporated by reference. The panel found that as a result of the accident of June 5, 1978, that the applicant had suffered no permanent physical impairment to said left knee and that there is no causal relationship between the accident of June 5, 1978, and the hip surgery of September 1979 . . . .

> The Administrative Law Judge further finds that the applicant is not entitled to permanent physical disability compensation for either of the hip operations nor is he entitled to temporary total disability compensation for the periods that he was recouperating due to the hip surgery.

There appears to be no clear or prejudicial abuse of discretion on the part of the Commission as solely contended by the plaintiff. The decision of the Commission is therefore affirmed.