706 P.2d 601 (1985)
MOUNTAIN STATES CASING SERVICES and/or State Insurance Fund, Plaintiffs,
v.
Jerry L. McKEAN and Industrial Commission of Utah, Defendants.
No. 20508.
Supreme Court of Utah.
August 23, 1985.
Mary A. Rudolph, Salt Lake City, for plaintiffs.
K. Allan Zabel, Salt Lake City, for defendants.
PER CURIAM:
Plaintiffs challenge an Industrial Commission order to pay the hospital expense resulting from an accident to the hand of defendant Terry L. McKean, who was employed by Mountain States Casing Service. We affirm the award.
The facts surrounding McKean's injuries are undisputed by the parties. On January 8, 1982, while McKean was working for Mountain States Casing at an oil well drilling job, his right arm was severed just below the elbow by the drilling machinery. Impressive medical surgery succeeded in *602 reattaching the arm, and the limb was saved. However, McKean lost the function of and feeling in his arm and hand, and subsequent operations were required to restore them. McKean continued to receive additional medical treatment and physical therapy to attempt to regain the maximum possible usefulness of and feeling in the limb. The State Insurance Fund paid temporary total disability benefits and all medical expenses, except for an approximate $1,000 bill incurred in April 1982, which is now the focus of this proceeding.
During his recovery process, McKean was advised by his doctor that feeling sensations should grow back gradually in the right hand but, if necessary, additional surgery would be undertaken to improve the nerve sensations to the extent possible. His doctor further instructed him to use the hand as much as possible in daily activities to restore use and mobility. McKean was aware of the loss of sensation in his right hand, but testified that its condition improved after the accident. Some feeling had returned to parts of his hand, and he was optimistic that the improvement would continue.
On or about April 6, 1982, three months after his accident, McKean was working around his home in Shoshone, Idaho, in normal day-to-day activities that included repairing a steam radiator in the home, installing an exhaust header in his car, and cooking his meal on a hot-plate stove. When McKean retired that evening, he noticed no problem with his right hand. But when he arose the next morning, he observed a large blister on this right thumb extending from the thumbnail to the knuckle. Defendant had no knowledge of precisely when this further damage was sustained or whether it was caused by any of these specific activities.
McKean sought medical treatment for the blister and was hospitalized on April 13, 1982, with severe second degree burns on his right hand. Following treatment for the burns, McKean was released on April 19, 1982. Plaintiffs denied liability for the medical expenses, claiming that the April 6 injury was unrelated to the original accident and McKean was negligent in not protecting his hand from burns, thereby precluding any recovery.
Initially, it must be observed that in this proceeding McKean does not claim additional compensation benefits under U.C.A., 1953, § 35-1-45, as amended, but only payment of the medical expense incurred. U.C.A., 1953, § 35-1-81, as amended. Once a compensable injury occurs, there is no limitation as to the time during which all medicals resulting from that injury will continue to be paid. And, because the obligation of the employer to pay ongoing medical expenses continues, a subsequent aggravating injury arising therefrom does not relieve the employer of the obligation to bear the medical expense attributed to the injury. U.S. Fidelity and Guaranty Co. v. Industrial Commission, Utah, 657 P.2d 764 (1983); Kennecott Copper Corp. v. Industrial Commission, Utah, 597 P.2d 875 (1979).
A subsequent injury is compensable if it is found to be a natural result of a compensable primary injury. McKean is not required to show that his original tragedy was the sole cause of a subsequent injury, but only that the initial work-related accident was a contributing cause of his subsequent hand injury. Champion Home Builders v. Industrial Commission, 703 P.2d 306, 14 Utah Adv.Rep. 14 (1985); see also Perchelli v. Utah State Industrial Commission, 25 Utah 2d 58, 475 P.2d 835 (1970); Makoff v. Industrial Commission, 13 Utah 2d 23, 368 P.2d 70 (1962); 1 A. Larson, Workmen's Compensation Law §§ 13.11, 13.11(c) (1985). Medical expenses resulting therefrom are the responsibility of the employer.
The administrative law judge specifically found that the second injury to McKean's hand was a natural consequence of his industrial injury on January 8, 1982. He further found that McKean's activities *603 in April 1982 were not unreasonable and did not constitute negligent or intentional misconduct. On review, this Court will reverse the findings and conclusions of the administrative law judge only when they are arbitrary and capricious or without substantial evidence to support them. Kincheloe v. Coca-Cola Bottling Co., Utah, 656 P.2d 440, 442-43 (1982); Perchelli v. Utah State Industrial Commission, 25 Utah 2d 58, 475 P.2d 835 (1970). Based upon the evidence before him, it was reasonable for the law judge to find that McKean was not negligent and his subsequent injury and hospital care were a natural result of his initial mishap. The findings of the administrative law judge as to causation of the injury and the ruling of the Commission are supported by substantial evidence, and we will not substitute our own judgment for theirs. Fruehauf Trailer Co. v. Industrial Commission, 16 Utah 2d 95, 396 P.2d 409 (1964).
McKean was instructed by his doctor to exercise his hand and return to normal activities as much as possible to assist the rehabilitation of his arm. His activities would not be considered rash or unreasonable. Because the subsequent injury was found by the trier of fact to be a natural consequence of the original injury and McKean was not guilty of either negligent or intentional misconduct, we need not consider whether the injury occurred in some "quasi-course of employment." 1 A. Larson, supra, at §§ 13.11(d), 13.12, and cases cited therein awarding compensation when a weakened body member contributes to a later injury.
We do not agree that the employee was negligent or that the chain of causation between the first and second injuries was broken by his activities. Accordingly, the cases relied upon by plaintiffs are inapposite to our affirmance of the Industrial Commission order in the instant cause. On the facts of this case, there is no abuse of discretion.
Affirmed.