**Myrtle E. ANDEEN, Respondent,**

v.

**EMMAUS NURSING HOME, et al., Employer and Insurer, County of Marshall, et al., Relators, Blue Cross-Blue Shield of Minnesota, Intervenor.**

**No. 46905.**

Supreme Court of Minnesota.

July 1, 1977.

Van Eps & Gilmore and Michael D. Aafedt, Minneapolis, for relators.

Indru Advani, St. Paul, for intervenor.

William H. Getts, State Compensation Atty., Duluth, for respondent.

## PER CURIAM.

Relators, the County of Marshall and its compensation insurer, State Automobile and Casualty Underwriters, seek review of a decision of the Worker's Compensation Court of Appeals determining that Myrtle E. Andeen was entitled to compensation as an employee of the county's welfare board under Minn.St. 176.011, subd. 9(9). We affirm.

Mrs. Andeen is a licensed practical nurse. While working at Emmaus Nursing Home in Warren, Minnesota, she developed rapport with a mentally unstable patient, a welfare recipient for whose living arrangements the Marshall County Welfare Department was responsible. In August 1973, while Mrs. Andeen was on a leave of absence from her job, the department determined that the patient should be moved to a nursing home in Ashby, Minnesota. A social worker for the department contacted Mrs. Andeen and requested aid in transporting the patient to Ashby. Mrs. Andeen was not compensated for this work, but was to be reimbursed for the expenses of the trip. On August 22, Mrs. Andeen and an off-duty Emmaus employee prepared the patient for the trip. Mrs. Andeen decided she might need her husband's aid and stopped at their home to get him. As she slid across the front seat of her automobile so that he could drive, she injured her back, suffering an acute disc protrusion aggravating a preexisting degenerative lumbo-sacral disc condition.

The Worker's Compensation Court of Appeals found that Emmaus was not her employer on August 22, but that the county was, that she had sustained a compensable injury of which the county was given statutory notice, that she was temporarily totally disabled, and that the reasonable value of her services was $500 per month.

The principal issue raised by relators is whether the court of appeals erred in finding that Mrs. Andeen was the county's employee. Minn.St. 176.011, subd. 9(9), which was added to the Workers' Compensation Act by L.1969, c. 148, § 2, states in part:

> "[A] voluntary uncompensated worker participating in a program established by a county welfare board shall be an employee within the meaning of this subdivision."

It is clear that Mrs. Andeen was acting in a voluntary and uncompensated capacity and was working at the task she had agreed to do when she was injured. The court of appeals also determined that because she was carrying out the plan made by the welfare department to discharge its responsibility for making living arrangements for the patient, Mrs. Andeen was "participating in a program established by [the] county welfare board." While relators contend that a "program" connotes a continuing project or formally established program, such as a counseling program, the word can also mean "a plan of procedure." Webster's Third New International Dictionary (1961), p. 1812. The court of appeals properly so construed it in the absence of evidence the legislature intended a more restrictive meaning. *Fischer v. Malleable Iron Range Co.*, 303 Minn. 1, 5, 225 N.W.2d 542, 545 (1975).

Other issues raised by relators require little discussion. The finding that the county received the notice of injury required by Minn.St. 176.141 is supported by evidence that within a month after its occurrence Mrs. Andeen's husband informed an assistant county attorney of the injury. The attorney was the legal advisor to the board, and he promptly notified the county's insurer of the claim.

Mrs. Andeen's condition apparently was aggravated twice in November 1973, by two ordinary physical activities. While relators contend they should not be held liable for disability attributable to these incidents, the evidence permits the inference that the aggravations of Mrs. Andeen's condition were natural consequences flowing from the injury sustained in August and thus should have no effect on the amount of compensation to which she is entitled. *Rohr v. Knutson Const. Co.*, 305 Minn. 26, 232 N.W.2d 233 (1975).

The court of appeals also properly found that the reasonable value of Mrs. Andeen's services was $500 per month. Minn.St. 176.011, subd. 9(9), provides that in computing compensation for a worker who is an employee under that provision, the worker's daily wage shall be the "usual going wage paid in the county at the time of such injury * * * for similar services where such services are performed by paid employees working a normal day and week." Mrs. Andeen was earning $500 per month as a licensed practical nurse when she took her leave of absence from Emmaus, and the evidence permits the inference that she was acting in her professional capacity when injured. Thus, the use of her salary as a base for computation of the compensation due her was clearly authorized by § 176.011, subd. 9(9).

Affirmed.