Theodore M. GASPERS, Relator,

v.

MINNEAPOLIS ELECTRIC STEEL CASTINGS CO., et al.,
Respondents.

No. 49969.

Supreme Court of Minnesota.

Dec. 21, 1979.

Rehearing Denied Jan. 23, 1980.

Robert R. Johnson, Minneapolis, for relator.

Van Eps & Gilmore and Curtis C. Gilmore, Minneapolis, for respondents.

YETKA, Justice.

Certiorari to review a decision of the Workers' Compensation Court of Appeals denying employee compensation for disability resulting from an injury he sustained while rollerskating in January 1977, which injury he claims was an aggravation of a prior compensable injury he sustained in January 1969. Although he contends that the finding of the court of appeals that he sustained a new injury, not caused nor contributed to by the prior one, has no support in the medical testimony, our review of the record leads us to conclude that the decision must be affirmed.

Employee's work-related back injury in 1969 caused him to be temporarily totally disabled, required a laminectomy at the L4–5 level, and resulted in a 20% permanent partial disability of the back. He received compensation benefits and medical expenses and was also retrained as a bartender because his impairment required a change of occupations. After completion of retraining he performed his new work successfully although he said he was never entirely free of pain in his back and left leg, sometimes wore a brace, and occasionally missed work for a few days to rest when his back "started to act up." He also testified that he could not shovel snow, but could perform other tasks about his home. He also found that he could no longer play football, but was able to continue bowling and golfing and did so frequently.

Prior to the occurrence of the work-related injury employee had been an avid rollerskater. On January 23, 1977, for the first time since that injury, he attempted rollerskating. He had no difficulty, he said, until a small child skating in the wrong direction came directly toward him. To avoid a collision he grabbed the child and swung him to the right, at which time employee twisted his back and felt immediate pain. Both he and the child fell to the floor, and employee landed in a sitting position. The pain was in the same area of his back as it had been when the 1969 injury occurred, but was more intense, and a short time later he developed pain in his left leg. Within a few weeks he was again temporarily totally disabled and, after several months of conservative treatment, in November 1977 Dr. Paul Patterson performed a second laminectomy and an interbody fusion in the same area as before.

In this proceeding employee sought compensation for his disability following the rollerskating accident, claiming that the injury he then sustained was an aggravation of his prior work-related injury and thus was compensable as a natural consequence of the work injury. See Rohr v. Knutson Constr. Co., 305 Minn. 26, 232 N.W.2d 233 (1975). The employer and insurer denied liability.

At the hearing on the claim, Dr. Patterson, a board-certified orthopedic surgeon, expressed the opinion that the injury employee had sustained in 1969 was the major factor causing his disability and that the trauma he had sustained in the rollerskating accident was relatively minor and of itself would not have caused disability. Dr. A. Bruce Sundberg, a similarly qualified medical expert, disagreed. In his view the rollerskating accident was the proximate cause of employee's disability subsequent to its occurrence, an opinion he based on the facts that employee made an excellent recovery from the 1969 injury and surgery, his back condition then stabilized, and he was able to perform his work and live a normal life for several years prior to the occurrence of the rollerskating accident. Dr. Sundberg conceded on cross-examination that employee's preexisting disability was a factor in the amount of difficulty he had following that accident, but added that until then employee "was not disabled in

any significant degree despite his previous surgery and disability rating."

The compensation judge, accepting Dr. Patterson's opinion, found that employee had sustained an aggravation of his preexisting low back condition and that the aggravation was a natural consequence flowing from the work injury and surgery in 1969. The court of appeals, however, upon the employer and insurer's appeal, set aside that finding and, crediting Dr. Sundberg's opinion, substituted a finding that employee sustained an injury while rollerskating, that this injury was not an aggravation of his work-related injury, and that it was not caused by nor contributed to by that injury.

■ Although employee argues in this court that the qualification of Dr. Sundberg's opinion on cross-examination demonstrates his basic agreement with Dr. Patterson's opinion, we do not agree. His testimony, considered as a whole, shows that he did not believe the work-related injury was an appreciable or substantial contributing cause of employee's disability and that in his opinion the skating accident was its cause. There was thus a direct conflict in the opinions of the medical experts, and resolution of that conflict was the function of the court of appeals as trier of fact. *Saholt v. Northwest Airlines, Inc.,* 290 Minn. 393, 188 N.W.2d 772 (1971). Dr. Sundberg's opinion cannot be viewed as being without foundation since it was based largely on employee's own testimony concerning his ability to work and to live an essentially normal life for several years prior to the rollerskating accident.

Affirmed.