Vivian J. NELSEN, Respondent,

v.

AMERICAN LUTHERAN CHURCH and U.S. Fire Insurance Company, Relators,

Blue Cross/Blue Shield of Minnesota, Intervenor, Respondent.

No. C1–87–2069.

Supreme Court of Minnesota.

March 18, 1988.

Jeffrey B. Nelson, Minneapolis, for relator.

Gary C. Reiter, Minneapolis, for respondent.

AMDAHL, Chief Justice.

American Lutheran Church and its workers' compensation liability insurer (hereinafter employer/insurer) seek review of a decision of the Workers' Compensation Court of Appeals reversing the compensation judge's determination that medical treatment rendered from and after February 1983 was not causally related to the 1981 work injury of Vivian J. Nelsen (hereinafter employee). Our review of the record leads us to conclude that the decision of the Workers' Compensation Court of Appeals must be reversed and the matter remanded to the compensation judge for further findings relative to the issue of causation.

On January 23, 1981, while on a business trip, employee was involved in an automobile accident. Her vehicle rolled over, and employee was suspended by her seat belt until a police officer extricated her. Employee was taken by ambulance to a hospital, treated, and on her insistence, released. For the first week following the accident, employee experienced severe neck and shoulder pain as well as low back pain.

Upon returning to Minnesota employee saw her internist, Dr. Gerald Mullin, for

upper back, mid-back and neck pain. Dr. Mullin diagnosed myofascial pain or fibrositis and prescribed physical therapy. Over the next year, employee was treated for her upper back and neck pain. In January 1982, employee experienced an onset of low back and leg pain, and by June 1982, she was having problems with hip pain as well. In November 1982, employee had a severe onset of low back pain when an elevator in which she was riding dropped several feet. Employee was hospitalized for a diagnostic workup in February 1983 following an onset of back pain while getting out of the bathtub at home. Employee suffered additional recurrences of back pain in May 1983 and in October 1984.

Employer/insurer and employee entered into a stipulation for the settlement of any claims for temporary total, temporary partial and permanent partial disability arising out of the 1981 work injuries. A dispute arose, however, over medical expenses incurred from and after February 1983, which expenses were paid by the intervenor, Blue Cross/Blue Shield. Employer/insurer denied liability on causation grounds, and a hearing was held before a compensation judge[1] who, after review of substantial medical evidence on the issue, found that the employee sustained work-related injuries to the neck, left shoulder and low back in the 1981 automobile accident. The compensation judge denied reimbursement to Blue Cross/Blue Shield for the medical expenses related to the low back, finding that the 1982 elevator incident was an intervening, superseding cause of the employee's "low back disability" and subsequent need for medical treatment. Believing that the elevator incident was a compensable consequence of the work injury, the Workers' Compensation Court of Appeals reversed.

■ Where a work-injury creates a permanently weakened physical condition which an employee's subsequent normal physical activities may aggravate to the extent of requiring additional medical care, such additional care is compensable. If, however, a subsequent aggravation of the initial injury arises from an independent intervening cause not attributable to the employee's customary activity in light of the employee's condition, then such additional medical care for the aggravation is not compensable. *Rohr v. Knutson Constr. Co.*, 305 Minn. 26, 232 N.W.2d 233 (1975); *Eide v. Whirlpool Seeger Corp.*, 260 Minn. 98, 109 N.W.2d 47 (1961); Minn. Stat. § 176.135, subd. 1. *See generally*, 1 A. Larson, *The Law of Workmen's Compensation* § 13.11 (1985) and (Supp.1987). In addition, where an employee sustains a compensable injury and receives compensation in full for all medical care necessary to treat the original injury, and later sustains a new injury as a result of an occurrence not causally related to the original injury, the employer at the time of the original injury is not liable for expenses incurred in treating the later injury. *Wallace v. Judd Brown Constr. Co.*, 269 Minn. 455, 131 N.W.2d 540 (1964).

Relying on *Wallace, supra,* the Workers' Compensation Court of Appeals concluded that if, in *Wallace*, a non-work roofing accident "fell within the range of compensable consequences of a prior work injury," then the elevator incident could not be considered to have "broken the chain of causation from the work injury." This was a misreading of *Wallace* which held the opposite—that the non-work related roofing accident was an intervening or independent cause of the injury, and the injury in that case was thus non-compensable.

1 A. Larson, *The Law of Workmen's Compensation,* § 13.00 (1985) states the basic principle of law in this case as follows:

When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence

---

**1.** At the time of the claim in this case, disputes over the reasonableness and necessity for medical expenses could only be resolved by rehabilitation and medical services, but issues of causation had to be resolved by a compensation judge. The compensation judge did not have authority to resolve the medical expense dispute, however. This was all changed by the 1987 legislature, and as of July 1, 1987, compensation judges have authority to determine all disputes including rehabilitation and medical issues. 1987 Minn. Laws ch. 332 § 23, 118.

that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct.

Larson explains application of this rule in relevant part as follows:

* * * [O]nce the work-connected character of any injury, such as a back injury, has been established, the subsequent progression of that condition remains compensable so long as the worsening is not shown to have been produced by an independent nonindustrial cause. This may sound self-evident, but in close cases it is sometimes easy to overlook this essentially simple principle. In a Utah case, claimant had suffered a compensable accident in 1966, injuring his back. Several years later, this condition was triggered by a sneeze into a disc herniation, for which claimant required surgery. The medical testimony was that because of the back condition, it was probable that had claimant not had the sneezing episode, some other major or minor event would have eventually necessitated surgery. The finding that the sneezing episode was the independent cause of claimant's disability, and the resultant denial of compensation, were held to be error, and benefits were awarded on appeal. This result is clearly correct. The presence of the sneezing incident should not obscure the true nature of the case, which is nothing more than that of a further medical complication flowing from a compensable injury. If the herniation had occurred while claimant was asleep in bed, [h]is characterization as a mere sequel to the compensable injury would have seemed obvious. The case should be no different if the triggering episode is some nonemployment exertion like raising a window or hanging up a suit, so long as it is clear that the real operative factor is the progression of the compensable injury, associated with an exertion that in itself would not be unreasonable in the circumstances. * * * [citations omitted].

These principles were illustrated in our case of *Rohr v. Knutson Constr. Co.*, 305 Minn. 26, 232 N.W.2d 233 (1975). In *Rohr*, the employee suffered a compensable back injury which he later aggravated while engaging in normal activities on his farm and again while leaning out a window at his home. Compensation was allowed for those injuries.

█ In reviewing the record in this case in light of the aforementioned principles, we have come to the conclusion that further findings of fact are required. The compensation judge found employee sustained a low back injury as a result of the 1981 work injury, and this finding was not challenged by the employer/insurer. The compensation judge declined, however, to attribute treatment for the low-back injury after February 1983 to the 1981 injury because she believed the complaints of low back and hip pain did not develop until after the November 1982 elevator incident. We do not know, however, if the compensation judge considered the medical records which document reports of mid-back pain immediately following the 1981 automobile accident, of low back pain in January 1982, and of hip pain in June 1982. In addition, the treating internist believed the increase in symptoms were a progression of employee's fibrositis which was a pre-existing condition triggered by the 1981 accident. While the adverse orthopedic surgeon was of the opinion that the employee's low back disability was not related to the automobile accident, this opinion was rendered without consideration of the reports of mid and low back pain 1981-83. He also could not attribute employee's low back pain to the elevator incident although both he and the employee's physician agreed that the incident could have caused the need for treatment. Finally, we note that the precipitating cause for treatment in February 1983 may have been the bathtub incident and not the elevator incident. If this is so, then perhaps the employee's need for additional care may be compensable. *Rohr v. Knutson Constr. Co.*, 305 Minn. 26, 232 N.W.2d 233 (1975). We therefore remand the matter to the compensation judge for reconsideration of the issue of causation

and the presentation of additional evidence if necessary.

Reversed and remanded.