**William R. BASTIAN, Relator,**

v.

**CECO CORPORATION and Crawford and Company, Respondents.**

No. C0–94–1594.

Supreme Court of Minnesota.

Nov. 10, 1994.

David G. Moeller, Dean M. Margolis, David G. Moeller & Associates, Minneapolis, for relator.

Randee Held, Mahoney, Dougherty & Mahoney, P.A., Minneapolis, for respondent.

## OPINION

KEITH, Chief Justice.

The Workers' Compensation Court of Appeals reversed an order for the payment of medical expenses and an award of attorney fees. We reverse and reinstate the order for payment of medical expenses and remand the issue pertaining to *Roraff* attorney fees.

William R. Bastian sustained a compensable low back injury on October 20, 1987, when he was employed as a laborer/foreman by Ceco Corporation, a commercial construction business. In October 1989, Bastian underwent a "generous" laminectomy at L5–S1 to remove free fragments of disc material. His surgeon, Dr. Edward Salovich, said "the October 20, 1987, injury was the cause of his lumbar symptoms and treatment from that and after that date."

In December 1990, Bastian was examined by Dr. Mark Engasser at the request of Crawford and Company, Ceco's workers' compensation liability insurer. At that time, Bastian reported that he was " 'not all that much better' following his surgery, although his right leg symptoms are better." Dr. Engasser believed that the 1987 accident "produced a substantial aggravation" of an underlying low back problem of which the disc herniation seen on CT scan in 1989 was a result. In a followup examination, Dr. Salovich noted that Bastian continued to be "plagued with lower back and left radicular pain."

In August 1993, Bastian was examined by Dr. John Stark who noted that Bastian's laminectomy was "apparently unsuccessful in relieving" Bastian's complaints. Dr. Stark ordered an MRI which showed a "[l]arge, focal, left-sided, and cranially dissecting, extruded, herniation of the L4–5 intervertebral disc which results in marked left subarticular recess stenosis and subarticular recess compression of the origin of the left L5 nerve root from the thecal sac." It was noted that the L4–5 disc abnormality seen on this scan had not been "appreciated" on a prior scan. Dr. Stark recommended surgery. Ceco/Crawford refused to authorize payment, contending surgery for the L4–5 disc was not causally related to the 1987 work injury. Payment was authorized by administrative decision, and the record indicates that surgery took place sometime after November 22, 1993.

Ceco/Crawford sought a hearing *de novo* which took place in February 1994. Relevant evidence included Bastian's testimony that his back symptoms had been the same in kind, though worsening over the years, since the work injury, and that there had been no intervening traumatic events. There was also a medical report from Dr. Engasser who had examined Bastian on December 29, 1993, after the L4–5 disc surgery. Dr. Engasser believed there was "no question" that the surgery at L4–5 was necessary, but he did not feel the herniation at the L4–5 was "related" to the 1987 injury in that the degeneration in that area would not be "uncommon given this patient's size and age." The compensation judge ordered payment of the medical costs and expenses related to the November 1993 surgery, finding the evidence as to causation sufficient; and the judge also awarded *Roraff* attorney fees.[1] On appeal, the WCCA reversed, concluding the evidence insufficient in the absence of a medical opinion linking the L4–5 lumbar disc herniation to the 1987 work injury. The award of *Roraff* fees was reversed in light of this disposition.

 "When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct." *Nelsen v. Am. Lutheran Church*, 420 N.W.2d 588, 590 (Minn.1988) (quoting 1 A. Larson, *The Law of Workmen's Compensation* § 13.00 (1985)). Where a work injury "creates a permanently weakened physical condition which an employee's subsequent normal physical activities may aggravate to the extent of requiring additional medical or hospital care, such additional care is compensable." *Eide v. Whirlpool Seeger Corp.*, 260 Minn. 98, 101, 109 N.W.2d 47, 49 (1961). In this case, given the nature and severity of the 1987 work injury, medical evidence that the 1987 work injury "produced a substantial aggravation" of an underlying lumbar spine condition resulting in a disc herniation at the L5–S1 and surgery in 1989, medical records documenting Bastian's persistent pain complaints over the years, and that the need for surgery in 1993 was not occasioned by any abnormal or unusual physical activity on Bastian's part, it seems to us the compensation judge's findings pertaining to causation were warranted. We therefore reverse the decision of the WCCA and reinstate the compensation judge's findings and order pertaining to causation and payment of medical expenses. The issue pertaining to *Roraff* fees is remanded to the WCCA for consideration on the merits.

Employee is awarded $400 in attorney fees.

---

1. *Roraff v. State, Dep't. of Transp.*, 288 N.W.2d 15 (Minn.1980).