LITTSOS v. INDUSTRIAL COMMISSION OF UTAH
et al.

No. 3501.   Decided December 8, 1920.   (194 Pac. 338.)

1. MASTER AND SERVANT—INDUSTRIAL COMMISSION'S DETERMINA-
TION OF EXTENT OF COMPENSATION CLAIMANT'S INJURY NOT RE-
VIEWABLE. On an application by an injured employé for ad-
ditional compensation, after he had received compensation for
forty-three weeks, where the employment and the fact that the
accident arose out of the employment were undisputed, the de-
termination by the Industrial Commission as to whether the
condition of the employé at the time of his application arose
from his injury, or from another cause, was merely a determin-
ation of the extent of applicant's injury, which is not review-
able as a jurisdictional finding.

2. MASTER AND SERVANT—COMMISSION'S FINDINGS IN COMPENSATION
CASE CONCLUSIVE IF SUPPORTED BY EVIDENCE. Findings by the
Industrial Commission on an issue within its jurisdiction are
conclusive under Comp. Laws 1917, § 3148, as amended by Sess.
Laws 1919, c. 63, and are not reviewable by the Supreme Court
unless there is no substantial competent evidence to sustain
the findings.[1]

3. MASTER AND SERVANT—CAUSE OF COMPENSATION CLAIMANT'S
MENTAL CONDITION QUESTION OF FACT NOT REVIEWABLE. Where
the Industrial Commission denied compensation because the
employés disability was due to his mental condition rather
than to the accident, its determination whether the mental
condition itself was caused by the accident was a decision on
a question of fact, and not reviewable where the evidence was
conflicting.

Proceedings under the Workmen's Compensation Act by
Louis Littsos for additional compensation from the Hansen
Live Stock & Feeding Company.  Petition denied by the In-
dustrial Commission, and applicant brings certiorari.

AFFIRMED.

[1] *Utah Fuel Co.* v. *Industrial Commission*, 57 Utah 246, 194 Pac.
122.

*R. S. Farnsworth,* of Ogden City, for plaintiff.

*Dan B. Shields,* Atty. Gen., and *R. B. Porter,* of Salt Lake City, for defendant.

WEBER, J.

While working for the Hansen Live Stock & Feeding Company, at Ogden, November 30, 1918, applicant fell from a pile of baled hay and was injured. Maximum weekly compensation was paid him for a period of 43 weeks. On October 11, 1919, an application was filed with the Industrial Commission for an adjustment of the claim. A hearing was had, and on October 29, 1919, the commission denied the application for additional compensation. The commission found from the evidence:

"That, about 2½ years prior to the accident, the applicant suffered a hernia for which he underwent an operation, and at the time of the accident he was wearing a truss, and, while the commission is of the opinion from the evidence that the applicant is now suffering partial disability, the commission is inclined to attribute this to the inactivity of the applicant and the condition of his mind, rather than to the accident itself."

A petition for a rehearing was thereafter filed by the applicant and granted. Further hearing was had on December 12, 1919. In May, 1920, the applicant was examined, with his consent and at the request of the commission, by three physicians who rendered separate reports under oath. On May 27, 1920, additional compensation was again denied, the commission finding from the evidence:

"That the disability from which the applicant is suffering at this time resulted from an operation for a left inguinal hernia, which appears to have been of long standing and not chargeable to the accident on November 30, 1918."

Applicant seeks, by writ of certiorari, to have the findings of the commission vacated for the following reasons:

"(1) The commission acted without and in excess of its powers in holding that his disability is due to the inactivity and condition of your petitioner's mind, instead of the pain and suffering

resulting from said injuries, and said finding is not sustained by the evidence but is contrary thereto.

"(2) That said commission acted without and in excess of its powers in holding that his disability was due to an old hernia of long standing, instead of the result of said injuries on the said 30th day of November, 1918.

"(3) That said Industrial Commission acted without and in excess of its powers in holding that said petitioner is not entitled to any compensation beyond said 43 weeks after said November 30, 1918, for the reason that said conclusion is not sustained by, but is contrary to, the finding and the evidence that said petitioner still suffers from partial disability.

"(4) That said finding and decision is contrary to law and the spirit of the act creating said commission and providing compensation for injured employés."

Counsel for applicant contends that whether an injury results from an accident is jurisdictional, and that therefore the findings of the commission on that issue are reviewable. It is conceded that the relationship of employer and employé existed between the applicant and the Hansen Live Stock Company; that both were subject to the provisions of the Industrial Commission Act. It is also conceded that applicant was injured in the course of his employment. The only issue before the Industrial Commission was as to the extent of applicant's injury. We do not regard that as jurisdictional. If anything is within the jurisdiction of the commission, it is the question as to the extent of the injury which the commission is certainly given power to determine, and, unless there is no substantial competent evidence to sustain the findings and conclusions of the commission, the findings and conclusions are by Comp. Laws Utah, 1917, § 3148, as amended by Sess. Laws 1919, c. 63, subd. c, p. 165, made final, and are not reviewable by this court. *Utah Fuel Co.* v. *Ind. Com.*, 57 Utah, 246, 194 Pac. 122, decided this term.

It is argued that the mental state of the applicant is a neurasthenic condition due to the injuries sustained by him. Again, the commission had to deal with a question of fact regarding which the evidence was conflicting. The commission's decision on this question is therefore

final and not reviewable, as we have repeatedly held.

The decision of the Industrial Commission is therefore affirmed.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.