## McKELLAR v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 3995.   Decided December 11, 1923.   (221 Pac. 849.)

MASTER AND SERVANT—FINDINGS ON EVIDENCE IN COMPENSATION CASE CONCLUSIVE.   The findings of the Industrial Commission, on fact supported by substantial evidence, are final and not re-. viewable.[1]   (Comp. Laws 1917, Sec. 3148, as amended by Laws 1921, c. 67.)

Proceedings under the Workmen's Compensation Act by Mary H. McKellar, for the death of her husband, Hugh Mc-Kellar, claimant, opposed by the Eagle & Blue Bell Mining Company, employer.   An award was denied, and claimant brings original proceedings against the Industrial Commission to review the order.

ORDER AFFIRMED.

*Clawson & Elsmore,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

CHERRY, J.

In proceedings before it, under the Workmen's Compansation Act, the Industrial Commission denied compensation to the plaintiff for the death of her husband, Hugh McKellar. The plaintiff has brought the case here by a writ of review.

Hugh McKellar was employed as a miner by the defendant, Eagle & Blue Bell Mining Company, at its mine at Eureka, Utah.   On the morning of September 1, 1922, while on his way from his home to his work, he suffered a severe hemorrhage of the lungs.   He was taken to his home, where he lingered for ten days and died.   It is claimed by the plain-

---

[1] *Utah Fuel Co.* v. *Industrial Commission,* 57 Utah, 246, 194 Pac. 122; *Littsos* v. *Industrial Commission,* 57 Utah, 259, 194 Pac. 338.

tiff that the deceased, on the day preceding the occurrence of his hemorrhage, while at work drilling in the roof of the mine, stepped backward to a lower platform to escape falling materials, that his foot slipped and he sustained a severe wrench to his chest, and that this accident was the cause of his injury and death.

A hearing was had before the Industrial Commission at the conclusion of which, on February 19, 1923, compensation was denied upon the ground that the death of deceased was not the result of an injury by accident arising out of or in the course of his employment. Subsequently, upon the application of plaintiff, a rehearing was had at which additional evidence was heard and considered, with the result that on May 8, 1923, the Industrial Commission declined to disturb its former decision.

The order of the Industrial Commission is assailed by the plaintiff in this proceeding upon the grounds, as stated by her counsel, that ''there is no substantial evidence in the record to sustain the Commission's findings.''

The record shows that two questions of fact were in dispute before the Commission: (1) Did deceased sustain an injury by accident at all? and (2) did the death result from such injury?

The evidence that deceased sustained a wrench to his chest on the day preceding his hemorrhage was not conclusive or entirely satisfactory. It consisted mainly of the unsworn statements of the deceased, and the testimony of a witness who at the first hearing denied knowledge of any such accident, and at the rehearing, in plain contradiction of his former denial, testified that it occurred.

Upon the second and more important question, there was a substantial conflict in the evidence. As is not unusual, the expert opinion was divided. One physician said it would be possible but unusual—a 20 per cent. chance—for a wrench of the chest to result in a pulmonary hemorrhage on the following day. Another said in his opinion the wrench would have a very indirect and remote relation to the hemorrhage. Another said, in his opinion, a wrench of the chest would have no bearing on a hemorrhage occurring 12 hours later.

The deceased was 65 years of age and had been a miner for 25 years. There was in evidence circumstances of his physical condition and habits of life indicating that his hemorrhage and death were attributable to causes wholly independent of the supposed injury. There was evidence to the contrary and in support of plaintiff's claim, which it is not necessary to state, because we are precluded by express law from reviewing the conclusions of the Commission on questions of fact. Enough has been said to show a conflict of evidence, and that the decision of the Commission was supported by substantial evidence.

The findings and conclusions of the Commission on questions of fact, in such case, are final and not subject to review. Comp. Laws Utah, 1917, § 3148, as amended by chapter 67, Laws of Utah 1921. *Utah Fuel Company* v. *Industrial Commission,* 57 Utah, 246, 194 Pac. 122; *Littsos* v. *Industrial Commission,* 57 Utah, 259, 194 Pac. 338.

The order of the Industrial Commission is affirmed.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.