449 P.2d 649

**Arthur Roy FRENCHIK, Plaintiff,**

**v.**

**The INDUSTRIAL COMMISSION of Utah, I. M. L. Freight, Inc., and Truck Insurance Exchange, Defendants.**

**No. 11366.**

Supreme Court of Utah.

Jan. 22, 1969.

Salt Lake County Bar Legal Services, Ronald N. Boyce, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Charles Welch, Jr., Salt Lake City, for defendants.

**124**

ELLETT, Justice.

The plaintiff asks us to review and reverse a decision of the Industrial Commission of Utah, wherein he was denied benefits under the Workmen's Compensation Act.

Section 35–1–85, U.C.A.1953, provides:

\* \* \* The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts and the findings and conclusions of the commission. \* \* \*

 This statute has been construed to mean that the findings are binding upon this court if there is credible, competent evidence to support them. In the case of Vause v. Industrial Commission, 17 Utah 2d 217, 407 P.2d 1006 (1965), it was said at pages 220 and 221 of the Utah Reports, at page 1008 of 407 P.2d:

\* \* \* This court cannot properly reverse the Commission and compel an award uness there is credible evidence without substantial contradiction which points so clearly and persuasively in plaintiff's favor that failure to so find would justify the conclusion that the Commission acted capriciously, arbitrarily or unreasonably in disregarding or refusing to believe the evidence. \* \*

 Without going into detail, it is enough to say that the evidence before the Commission was sufficient to sustain the denial of the award. The chairman of a disinterested medical panel which was appointed by the Commission to examine the plaintiff testified in support of the panel findings which were as follows:

(1) This applicant may have sustained a strain of his spine 8–1–64.

(2) This panel is unable to relate his present difficulty or his lost time from work to this strain of the spine that presumably healed prior to this examination.

(3) There is no significant pre-existing condition. The ring apophysis of L1 is felt to be insignificant.

This testimony alone is enough to support the denial by the Commission of the hoped-for-award. There was other evidence, but it would not compel a finding in plaintiff's favor, even if the Commission had not considered the report and testimony from the medical panel.

The order of the Commission is affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.