479 P.2d 347

Lloyd R. CRITTENDEN, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah,
D. & L. Construction Company, and the
State Insurance Fund, Defendants.

No. 12117.

Supreme Court of Utah.

Jan. 5, 1971.

Allen H. Tibbals, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Robert D. Moore, Salt Lake City, for defendants.

ELLETT, Justice:

This matter involves a review of an order of the Industrial Commission whereby the plaintiff was denied an award for injuries which he claims are compensable.

The plaintiff was injured Saturday, November 16, 1963, when a heavy tractor crushed some blocks upon which it rested and exerted great pressure on the plaintiff's hip as he was lying on his right side underneath searching for an oil leak. No bones were broken although he suffered great pain in his shoulder, hip, back and legs.

The plaintiff filed a claim with the Industrial Commission showing that he returned to work November 18, 1963, and made no claim for lost wages.

Some 33 months after the accident he was operated on for back trouble, and the instant matter presents only the question as to whether the accident of November 16, 1963, caused the need for surgery to his back on August 11, 1966. It was a ques-

tion of fact to be determined by the Commission from evidence given to it by those skilled in the practice of surgery.

A medical panel examined the plaintiff and at the hearing two of the doctors comprising that panel testified that in their opinion the operation was not causally related to the accident. The doctor who operated on the plaintiff testified that in his opinion it was so related. The Commission apparently believed the panel doctors.

Section 35–1–85, U.C.A.1953, reads:

* * * The findings and conclusions of the Commission on questions of fact shall be conclusive and final and shall not be subject to review; * * *.

This statute has been construed by this court on a number of occasions to mean that the findings of the Commission are binding upon this court if there is credible, competent evidence upon which they are based.[1]

The findings of the Commission that plaintiff's operation was not related to, nor caused by, the accident is supported by competent evidence and we are not permitted to substitute our idea of what the findings ought to be, even if we should disagree with the Commission.[2]

Since there is nothing arbitrary or capricious about the finding of the Commission, the ruling should be, and it is hereby, affirmed.

No costs are awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.

1. Frenchik v. Industrial Commission, 22 Utah 2d 123, 449 P.2d 649; Vause v. Industrial Commission, 17 Utah 2d 217, 407 P.2d 1006.

2. Littsos v. Industrial Commission, 57 Utah 259, 194 P. 338; Taggart v. Industrial Commission, 79 Utah 598, 12 P.2d 356; Thompson v. Industrial Commission, 82 Utah 247, 23 P.2d 930; McWilliams v. Industrial Commission, 21 Utah 2d 266, 444 P.2d 513.