**OKLAND CONSTRUCTION COMPANY and the State Insurance Fund, Plaintiffs,**

v.

**The INDUSTRIAL COMMISSION of Utah and DeWaine D. Zumbaum, Defendants.**

**No. 13408.**

Supreme Court of Utah.

Feb. 20, 1974.

Robert D. Moore and Gary E. Atkin, Rawlings, Roberts & Black, Salt Lake City, for plaintiffs.

Andrew R. Hurley, Brayton, Lowe & Hurley, Salt Lake City, for defendants.

CROCKETT, Justice:

Okland Construction Company, employer (and State Insurance Fund), seek reversal of a workmen's compensation award to DeWaine D. Zumbaum who suffered injuries, primarily to his head and shoulder, in falling from a scaffold during construction work on the McKay Professional Building in Ogden. Compensation for his temporary total disability, from the date of the accident, August 5, 1968, until November 11, 1970, has been paid, and is not questioned.

The issue here involved is over the amount of a further award, based on findings of permanent partial disabilities, including some loss of function in his shoulder, decrease in his hearing, in his sense of balance, and what the medical report terms "psychiatric disabilities." For all of this the medical panel rated, and the Commis-

sion found, a 45% permanent partial disability.[1] The Commission first made an award of that percentage of 200 weeks based on the provisions of the paragraph quoted below of Sec. 35-1-66, U.C.A.1953, thus arriving at 90 weeks. Pursuant to a petition for reconsideration the Commission issued an amended order in which it applied the 45% disability to 312 weeks which it recited to be "more closely akin to the whole man concept than the 200-week standard"; and made an award of 140.4 weeks.

Sec. 35-1-66, referred to above, provides for workmen's compensation for injuries incurred in employment and sets out a long list of specific injuries and the awards therefor rated in the number of weeks. They range, for example, for loss of:

```
One arm at or near shoulder .......... 200 weeks
One arm at elbow .................. 180 weeks
One hand .......................... 150 weeks
One leg at or above the knee ......... 150 weeks
One eye ........................... 120 weeks
```

and on down to loss of fingers and toes at but a few weeks.

In the realization that there would be injuries that wouldn't be exactly as those specified in the schedule, it also provided:

> For any other disfigurement or the loss of bodily function not otherwise provided for herein, such period of compensation as the *commission shall deem equitable and in proportion* as near as may be *to* compensation for *specific loss as set forth in the schedule* in this section *but not exceeding in any case two hundred weeks.*

In some instances it has been assumed that the emphasized words, limiting the award to "not exceeding 200 weeks," should be taken as representing the "whole man"; and that therefore the determined percentage of disability, multiplied by the 200 weeks, was the proper award. This seems to have been the basis of the Commission's first decision. However, upon the reconsideration of the matter, the Commission decided against that application of the statute, and instead, computed the 45% x 312 weeks to arrive at the 140.4 weeks award. It is worthy of mention here that the Commission may have related this to the beginning of said Sec. 35-1-66 which provides that for "partial disability . . . the employee shall receive, during such disability and for a period of not to exceed six years . . . weekly compensation . . . " etc., which is equivalent to the 312 weeks.

Such plausibility as there is to the position of the employer Okland stems from the fact that after the accident occurred, by Session Laws of 1971, Chapter 76, the concluding language of the above quoted paragraph of the statute was changed to read:

> . . . but not exceeding *in any case 312 weeks*, which shall be considered the period of compensation for permanent total loss of bodily function.

Okland argues: that the Commission used the formula of this amendment; that this constitutes an improper retroactive application thereof; and that it should be obliged to pay only the 90 weeks as computed by the Commission under the previous statute.

It is true, as the employer Okland contends: that it is entitled to have its rights determined on the basis of the law as it existed at the time of the occurrence; and that a later statute or amendment should not be applied in a retroactive manner to deprive a party of his rights or impose greater liability upon him.[2] But this principle has no application where the later statute or amendment deals only with clarification or amplification as to how the

---

1. That doctors may so estimate the percentage of loss of bodily function for injuries not specified in the schedule, see Price v. Industrial Commission, 91 Utah 152, 63 P.2d 592. The employer recognizes there is substantial support in the evidence for this finding and does not question it.

2. This long established rule is enacted in our statutes, Sec. 68-3-3, U.C.A.1953; and see Industrial Commission v. Agee, 56 Utah 63, 189 P. 414, 58 Am.Jur., Workmens Comp., Sec. 73.

law should have been understood prior to its enactment. In any event, we revert to consideration of the problem under the statute as it existed at the time of the accident, and without concern as to the later amendment.

 The application of the paragraph in question involves consideration of two propositions: First, that its main and fundamental purpose was to provide a method for fixing awards for miscellaneous injuries which do not fit into the specific ones listed in the schedule, but on a basis which is "equitable and in proportion" to them. And second, that any such award should not exceed 200 weeks. Looking at the latter first: its language simply states a limitation of 200 weeks on any award; and there is nothing in that language to indicate or even suggest that that limitation should be taken to represent the "whole man" against which a percentage of disability should be applied. Indeed if said Section 66 is looked at in its entirety, as it should be,[3] the reasonable conclusion is to the contrary.

For example, suppose a man lost one arm, award 200 weeks, and also a leg, award 150 weeks, the total award would be 350 weeks, thus greatly in excess of the claimed 200-week "whole man." Theoretically this could be increased by the loss of an eye, 120 weeks, and so on, for various combinations of disabilities which would greatly exceed the 200 weeks. These comparisons demonstrate how incongruous it would be to assume that the 200 weeks was intended to represent a "whole man" concept; and support the conclusion stated above, which is evident from the statute's plain language; that it was intended only as a limitation on any one award.[4] It is obvious that the 140.4-week award made here does not transgress that limitation.

Turning to the other proposition: whether the award of 140.4 weeks for 45% of total disability is within the mandate of being "equitable and in proportion as near as may be to compensation for specific losses set forth in the schedule": if this award for just less than one half of total disability is compared to the specific awards just recited for loss of arm, leg, or eye, it does not impress us as being inequitable or disproportionate, much less does it impress us as being so unreasonably disproportionate that the Commission's actions should be deemed capricious and arbitrary.[5] (All emphasis added.)

Affirmed. Costs to defendant Zumbaum.

HENRIOD, ELLETT and TUCKETT, JJ., concur.

CALLISTER, C. J., concurs in the result.

---

3. See Kent Club v. Toronto, 6 Utah 2d 67, 305 P.2d 870; and see Vol. 2a Sutherland, Statutory Construction, Sec. 46.05 (4th ed. 1972).

4. For a generally similar analysis and conclusion on this statute by this court through Justice Wolfe see Silver King Coalition Mines v. Industrial Commission, 92 Utah 511, 69 P.2d 608.

5. As to the prerogative of the Commission in determining the facts, see Sec. 35–1–85, U.C.A.1953, and decisional law thereon, Crittenden v. Industrial Comm., 25 Utah 2d 193, 479 P.2d 347; Vause v. Industrial Comm., 17 Utah 2d 217, 407 P.2d 1006.