Robert D. IRVINE, Plaintiff and Appellant,

v.

SALT LAKE COUNTY, Sam Kastanis and John Does I–V, Defendants and Appellees.

No. 21053.

Supreme Court of Utah.

Dec. 11, 1989.

**412**

Michael J. Mazuran, Michael Z. Hayes, Alan B. Asay, Mark F. Bell, Salt Lake City, for plaintiff and appellant.

David E. Yocum, Kevan F. Smith, Salt Lake City, for defendants and appellees.

STEWART, Justice:

On March 30, 1983, Sam Kastanis, an employee of Salt Lake County, was engaged in dredging a creek in Little Cottonwood Canyon near Salt Lake City with a backhoe. Kastanis operated the backhoe on Irvine's property with Irvine's consent. While Kastanis was clearing the stream, the backhoe struck and damaged Irvine's water line under the creek bed. Irvine filed a complaint against the County and Kastanis, seeking damages of $10,188.41. The complaint was dismissed after a one-day bench trial, and Irvine appeals.

Kastanis was acting pursuant to a regular program of dredging stream channels to clear away silt, gravel deposits, debris, and other matter which obstruct the flow

of water in the creek. The trial court found that the County was "dredging Little Cottonwood Creek in order to prepare it for the snowmelt runoff expected in the spring of 1983."

Conflicting testimony was presented at trial as to whose negligence produced the damages. Irvine claims that the County through its employee, knew of the location and depth of the line and negligently struck it. The County and Kastanis deny negligence and allege that Irvine, the landowner, gave improper instructions as to the location of the pipeline. The trial court made no findings of fact and conclusions of law regarding the negligence of the defendants.

At trial, the defendants relied primarily upon the defense of governmental immunity for flood control activities, as found in the 1984 amendment to Utah Code Ann. § 63–30–3 (1989). The trial court ruled that the amendment to § 63–30–3 should be applied retroactively and that the County's conduct was immune under that amendment. On that ground, the trial court dismissed the complaint.

■ The conduct giving rise to this cause of action occurred March 30, 1983. The amendment to § 63–30–3 relating to the management of flood waters became effective on March 29, 1984. 1984 Utah Laws ch. 33. Whatever additional protection [1] the 1984 amendment to § 63–30–3 gave Salt Lake County as to future acts cannot be applied retroactively to bar a valid cause of action that had already arisen when the amendment went into effect.

It is well established that a statute or an amendment to a statute will not be applied retroactively to deprive a party of substantive rights or to impose on a party a greater liability. In *Okland Construction Co. v. Industrial Commission*, 520 P.2d 208 (Utah 1974), we stated:

> It is true, as the employer Okland contends: that it is entitled to have its rights

**1.** We state no opinion as to what additional immunity the second paragraph of § 63–30–3

would provide if it applied to this action.

determined on the basis of the law as it existed at the time of the occurrence; and that a later statute or amendment should not be applied in a retroactive manner to deprive a party of his rights or impose greater liability upon him. 520 P.2d at 210; *see Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 676 (Utah 1985) (once a cause of action accrues under one rule, the right to that cause of action vests); *State Dep't of Social Services v. Higgs*, 656 P.2d 998, 1000 (Utah 1982) ("[T]he substantive law to be applied throughout an action is the law in effect at the date the action was initiated."); *State v. Kelbach*, 569 P.2d 1100, 1102 (Utah 1977) ("[F]airness and good conscience require that [a law] should not be applied retroactively to adversely affect rights as they existed at the time a particular controversy arose."). Accordingly, we apply the law of governmental immunity as it existed in March of 1983, the time this cause of action arose.

■ On remand, the only real question under the Governmental Immunity Act is whether there has been a waiver of immunity. Section 63–30–10(1) will be dispositive of that issue. Hence, we will address that question here.

The County's immunity from suit is waived by Utah Code Ann. § 63–30–10(1)(a) (1989). That subsection provides:

(1) Immunity from suit of all governmental entities is waived for injury proximately caused by a negligent act or omission of an employee committed within the scope of employment except if the injury:

(a) arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused; ....

Plaintiff's claim falls within the scope of subsection (1), unless one of the exceptions to that provision applies. The County contends that its alleged negligence "arises out of ... a discretionary function" in subsection (1)(a) of § 63–30–10 and that it is immune, notwithstanding the waiver in subsection (1).

In *Frank v. State*, 613 P.2d 517 (Utah 1980), the Court stated that the discretionary exception to immunity for negligent governmental acts was intended to provide immunity for policy-making decisions rather than for policy implementation or operational acts. *Little v. Utah State Division of Family Services*, 667 P.2d 49, 51 (Utah 1983), adopted the following four-element test in defining "discretionary function":

(1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective?

(2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective?

(3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved?

(4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?

The alleged negligent conduct in this case—the manner of dredging the creek—was not part of a policy-making decision. There was nothing in the manner in which the creek was dredged that was essential to a governmental objective, and the act complained of did not require a basic policy evaluation. In short, this case does not fall within the discretionary function exception.

Pursuant to the Court's request, Irvine and the defendants filed supplemental briefs and argued the applicability of the eminent domain provision in the Utah Constitution, Article I, section 22: "Private property shall not be taken or damaged for public use without just compensation." Since the issue may be decided on statutory construction grounds, we need not reach the constitutional issue.

In sum, this action is not barred by the amendment to § 63–30–3, and the discretionary function exception of § 63–30–10(1)(a) does not apply.

Reversed and remanded.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.