F I L E D
United States Court of Appeals
Tenth Circuit

JUL 8 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

NEAL K. OSTLER,

    Plaintiff - Appellant,

v.

STATE OF UTAH; DEPARTMENT
OF TRANSPORTATION;
DEPARTMENT OF HUMAN
SERVICES; DEPARTMENT OF
CORRECTIONS; U.S.
DEPARTMENT OF COMMERCE;
DEPARTMENT OF NATURAL
RESOURCES; UTAH STATE TAX
COMMISSION; DEPARTMENT OF
WORKFORCE SERVICES; STATE
BOARD OF PARDONS;
COMMISSION ON JUVENILE
JUSTICE; DEPARTMENT OF
PUBLIC SAFETY; MANAGEMENT
& TRAINING, a Subcontractor of the
State of Utah,

    Defendants - Appellees,

     and

ROBIN ARNOLD WILLIAMS;
EMMA CHACON; BLAKE CHARD;
JOHN MATTHEWS; BRENT PERRY;
JOHN NJORD, Executive Director;
ALAN LAKE; LOREN GRAHMS,
employee; PETE HAUN, Executive
Director; MIKE SIBBETT, of the
Board of Pardons; ABDUL BAKSH,
employee; DOUGLAS BORBA,

No. 03-4293
(D.C. No. 2:01-CV-291-C)
(D. Utah)

Executive Director; ANTHONY TAGGART, Securities Director; KATHLEEN CLARKE, Executive Director; BILL WOOLEY, Director of Law Enforcement; CARLOS RODRIGUEZ, Human Resource Manager; ROD MARELLI, Executive Director; KENT JORGENSON, Law Enforcement Supervisor; (FNU) DENNIS, Human Resource Manager; ROBERT GROSS, Executive Director; CAMILLE ANTHONY, Director; DAN BAILESS, Office of Crime Victims Reparation Supervisor; CRAIG DEARDEN, Department Commissioner, Department of Public Safety; SID GROLL, Director of Peace Office Standards and Training; LYNN MILLER, Human Resouce Director; DEPARTMENT OF HUMAN RESOURCE MANAGMENT; KAREN OKABE, Executive Director; WARDEN, Promontory Facility; JANE SCHILLING, of Human Resources,

Defendants.

## ORDER AND JUDGMENT [*]

---

[*]    The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR** , **LUCERO** , and **O'BRIEN,** Circuit Judges.

Neal Ostler, appearing pro se, appeals from the district court's dismissal of his civil rights and employment discrimination complaint for lack of timely service of process. We **AFFIRM**.

On April 25, 2001, Ostler brought an action under 42 U.S.C. §§ 1981 and 1983 and Title VII of the Civil Rights Act of 1964, naming the State of Utah and certain state departments of Utah as defendants. On October 3, 2001, the district court dismissed the action without prejudice. Ostler amended his complaint and added numerous individuals as defendants as well as claims under the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 6101, and Utah state law. However, Ostler never accomplished service of the individual defendants despite the district court's repeated admonitions to do so.

Instead of serving the individual defendants with copies of the amended complaint as directed, Ostler requested permission to serve them with abbreviated copies of the complaint, or in the alternative, a second amended complaint which had not been filed with the district court. The magistrate judge to whom the district court referred Ostler's requests denied the motion; objecting to the magistrate's recommendations, Ostler argued that "[t]he requirement to serve a full copy of the complaint is even more a technicality than the requirement to

serve the individuals and is an additional expense to the Plaintiff that should not be necessary to satisfy the requirements of service." (App. Vol. II, Doc. 105 at 3.) On November 12, 2003, the district court denied Ostler's objections to the magistrate judge's Order and dismissed the individual defendants from the suit. Ostler appeals from those dismissals.[1]

We review a district court's order of dismissal for failure to comply with the Federal Rules of Civil Procedure or prior orders of the district court for abuse of discretion. Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003). Ostler claims that the district court abused its discretion by not accepting as adequate his attempts to serve the individual defendants with an abbreviated amended complaint or the unfiled second amended complaint. However, the Federal Rules of Civil Procedure require that service be effected "by delivering a copy of the summons and of the complaint." Fed. R. Civ. P. 4(e).

While we construe the complaints of pro se litigants liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), "[a] pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4." DiCesare v. Stuart, 12

---

[1] Although it is unclear from the record whether the district court entered a separate final judgment, even if no separate final judgment was entered, we have jurisdiction over this appeal given that both parties waived the separate document requirement. Clough v. Rush , 959 F.2d 182, 186 (10th Cir. 1992) (recognizing that both parties may waive the requirement and that "[e]fficiency and judicial economy would not be served by requiring the parties to return to the district court to obtain a separate judgment.")

F.3d 973, 980 (10th Cir. 1993). In this case, Ostler did not comply with Rule 4; thus we cannot conclude that the district court's dismissal for failure to deliver an actual copy of the summons and complaint was an abuse of discretion.

Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge