**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NEAL K. OSTLER,

      Plaintiff-Appellant,

v.

ROCKY ANDERSON, Mayor, in his
individual and official capacity; RICK
GRAHAM, city employee, in his
individual and official capacity; KEVIN
BERGSTROM, city employee, in his
individual and official capacity;
DEBBIE LYONS, city employee, in her
individual and official capacity;
WENDEE PACKWOOD, city employee,
in her individual and official capacity;
SALT LAKE COMMUNITY
COLLEGE; UTAH DEPARTMENT OF
PUBLIC SAFETY; UTAH ATTORNEY
GENERAL; UTAH LABOR
COMMISSION; SALT LAKE CITY;
SALT LAKE CITY CORPORATION,

      Defendants-Appellees.

No. 06-4016
(D.C. No. 2:04-CV-627-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

*     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this appeal.
See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G)10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.
The court generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

---

Plaintiff-Appellant Neal K. Ostler, appearing pro se, challenges the district court's dismissal of his retaliation claim brought pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. Ostler also appeals the dismissal of his pendent state claims for breach-of-contract and blacklisting. The district court dismissed Ostler's retaliation claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the breach-of-contract claim as barred by the doctrine of res judicata, and the blacklisting claim because there is no private cause of action for blacklisting under Utah law. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

This appeal represents the most recent case in a series of civil rights and employment discrimination suits initiated by Ostler since the early 1990's. At that time, Ostler had been employed by the state of Utah for over 18 years when he was terminated from his job and thereby denied eligibility to partake in the state's Public Safety Retirement Program. Ostler settled his first suit against the state and

---

[**] The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

thereafter endeavored to regain public employment in Utah. Eventually, he was hired by Salt Lake City Corporation (SLCC) only to be terminated three months later. Shortly thereafter, Ostler filed this suit against various agencies and officials of Salt Lake City and the state of Utah, claiming his termination from SLCC was retaliatory in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, and the Age Discrimination in Employment Act, 42 U.S.C. §§ 6101 - 6107 (ADEA). Ostler also pleaded a number of state law claims, including breach-of-contract and blacklisting.

On September 14, 2005, the district court granted Defendants SLCC, Rick Graham, Kevin Bergstrom, Debbie Lyons, and Wendee Packwood's motion to dismiss the retaliation claim pursuant to Fed. R. Civ. P. 12(b)(6). The district court also granted a motion to dismiss the breach-of-contract and blacklisting claims filed by the Utah Attorney General and the Utah Labor Commission.[1] The court determined the contract claim was barred by the doctrine of res judicata and that Utah law provided no private cause of action for blacklisting. Ostler now challenges the district court's dismissal of these three claims.

---

[1] The remaining defendants, Salt Lake City Mayor Rocky Anderson, Salt Lake Community College, and the Utah Department of Public Safety, were subsequently dismissed because they were never served. *See Ostler v. Salt Lake City Corp., et al.*, Case No. 2:04-CV-627, Docket No. 77 (Oct. 24, 2005).

## II. DISCUSSION

### A. Retaliation

On appeal, Ostler maintains that he established a prima facie case of retaliation because he was actively opposing age discrimination when he was terminated by SLCC. He argues that his opposition to discrimination is "self-evident," and that SLCC's motive to retaliate is evidenced by his termination without "good cause" or "any reason at all." Aplt.'s Br. at 2-3. The district court disagreed, however, finding that Ostler failed to assert any facts as to how he participated in any opposition to discrimination protected by the Civil Rights Act, or how any such opposition related to his termination. Supp. App. at 109-10. Hence, the court dismissed the claim.

We review de novo a district court's dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kansas*, 927 F.2d 1111, 1115 (10th Cir. 1991). Such a dismissal will be upheld "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Id.*

To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) he was engaged in opposition to Title VII discrimination; (2) he was the subject of adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Jones v. Barnhart*, 349 F.3d 1260, 1269 (10th Cir. 2003).

Here, although Ostler was appealing a previous Title VII action against numerous agencies and officials at the time he was terminated from SLCC, *see Ostler v. Utah*, 105 F. App'x 232 (10th Cir. 2004), *cert. denied*, 543 U.S. 1065 (2005), Ostler nonetheless fails to plead a prima facie case of retaliation because he cannot establish a causal connection between his prior case and his termination. SLCC was not a defendant in the previous Title VII action and Ostler has not alleged that SLCC knew of the lawsuit. Indeed, the record contains no indication that SLCC had any knowledge of the previous claim whatsoever. To establish a causal connection, plaintiff must show that the individual who took adverse action against him knew of the employee's protected activity. *Williams v. Rice*, 983 F.2d 177, 181 (10th Cir. 1993). Although a pro se litigant's pleadings are to be construed liberally, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based*." Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). Given that Ostler's complaint fails to aver any facts indicating SLCC's knowledge of his previous Title VII case, he cannot satisfy the third element of a retaliation claim. Consequently, we conclude that the district court correctly dismissed Ostler's claim of retaliation.

B. Breach of Contract

We next address Ostler's breach-of-contract claim against the Utah Attorney General and Labor Commission. Ostler contends the district court erred in finding this claim barred by the doctrine of res judicata because there was no judgment on

the merits of his prior lawsuit where it was ultimately dismissed on procedural grounds.[2]  Notwithstanding this contention, the district court held there was a prior judgment on the merits involving identical parties and identical claims.  Supp. App. at 112.  Consequently, the court concluded that res judicata applied.  *Id.*  Where the facts are undisputed, we determine de novo whether the district court correctly applied the substantive law of res judicata.  *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

Res judicata applies when:  (1) the prior action has been finally adjudicated on the merits; (2) the parties are identical or in privity; (3) the suit is based on the same cause of action; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior action.  *Id.*  In this case, all four elements are satisfied.

The first element of res judicata is established because the district court's dismissal with prejudice of Ostler's previous contract claim constitutes a final adjudication on the merits with preclusive effect in federal court.  *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992).  The second element is likewise satisfied because Ostler's previous suit named numerous agencies of the state of Utah, and this suit asserts the same claim against the Utah Attorney General and

---

[2]    The district court dismissed the claim because Ostler failed to properly serve certain defendants.  Although the court had directed him to accomplish service, Ostler declined to do so and instead requested leave to serve abbreviated copies of an amended complaint, or alternatively, a second amended complaint.  *See Ostler v. Utah*, Case No. 2:01-CV-291, Docket No. 111 (Nov. 12, 2003).

Department of Labor, also entities of the state of Utah.  *See United States v. Rogers*, 960 F.2d 1501, 1509 (10th Cir. 1992) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [government] is res judicata in relitigation of the same issue between that party and another officer of the government.").  Third, in both this and the prior suit, Ostler alleged the same contract was breached in the same manner — conspiratorial interference with his career plans and professional endeavors.  This establishes the third element of res judicata because, as Ostler's complaint concedes, the basis for this claim is "the same basis" as that in his previous suit. Supp. App. at 16.  Fourth, Ostler need not have litigated the issue in the prior action, but rather only have had an opportunity to litigate.  *See Nwosun*, 124 F.3d at 1257-58 (discussing how a full and fair opportunity to litigate relates to the fundamental fairness of the original proceeding); *see also Yapp v. Excel Corp*, 186 F.3d 1222, 1227 n.4 (10th Cir. 1999) (discussing how in most circumstances, the first three requirements are "all that are necessary for a principled application of the doctrine").  Indeed, in situations such as this, where the district court gave Ostler ample opportunity to litigate his claim but he nonetheless declined to cure procedural defects, we cannot say he did not have a full and fair opportunity to litigate.  Thus, having satisfied all four requirements, we find the district court properly dismissed Ostler's claim as barred by the doctrine of res judicata.

C.  Blacklisting

Lastly, we turn to Ostler's claim for blacklisting. Ostler contends he has been effectively blacklisted by Defendants and he therefore seeks to enforce Utah's anti-blacklisting statute, Utah Code Ann. § 34-24-1 (2004). The district court dismissed this claim, concluding that § 34-24-1 provides no private cause of action. Supp. App. at 107.

Utah Code Ann. § 34-24-1 (2004) provides:

> No person shall blacklist or publish, or cause to be published or blacklisted, any employee discharged or voluntarily leaving the service of any person, company or corporation with intent and for the purpose of preventing such employee from engaging in or securing similar or other employment from any other person, company or corporation.

In *Richards Irrigation Co. v. Karren*, 880 P.2d 6, 10-11 (Utah Ct. App. 1994), the Utah Court of Appeals disposed of this precise argument, holding that there is no private cause of action for blacklisting under Utah law. We therefore conclude the district court was correct to dismiss the claim.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge